Adopted February 17, 1891.

G. W. O'BRIEN v. J. J. F. GILLELAND ET AL.

No. 3000.

1.  **Surviving Partner.** — The surviving partner of a law firm can sue for the amount due for services rendered by the firm before the dissolution of the firm by the death of one of its members.   We see no reason why he should not also sue in the same action for what might be due him individually for such services as he rendered in the performance of the same contract after the death of his partner, the client having continued the employment with the survivor.

2.  **Commissions for Selling Lands.**—Where an agent to sell lands finds a purchaser able to buy and the client refuses to complete the sale, the agent is entitled to compensation as for the sale of the land.

3.  **Cases Adhered to.** — De Cordova v. Bahn, 74 Texas, 645, and Harrell v. Zimpelman, 66 Texas, 293, adhered to.

4.  **Independent Executors.** — Independent executors become liable upon a contract with an agent to sell lands of the estate as provided for in the will.

APPEAL from Jefferson.   Tried below before Hon. W. H. Ford.

The facts so far as necessary to understand the opinion are given in it.

*Douglas & Lanier,* for appellant.—1.   The court erred in dismissing said cause, the original petition and trial amendment showing on their face that plaintiff (appellant) had a good cause of action against the defendants, and that there was no misjoinder of parties plaintiff.

On actions by land agents for their commissions.   De Cordova & Son v. Bahn, 74 Texas, 643;  Harrell v. Zimpelman, 66 Texas, 292;  George v. Thomas, 16 Texas, 74;  Kirk v. Emmerling, 22 How.;  Hamlin v. Schulte, 27 N.W. Rep., 301; 1 Ct. App. C. C., secs. 128, 599, 698, 1246.

On the proposition that there is no misjoinder of parties plaintiff.   Rev. Stats., art. 1187;  Sayles' Treaties, sec. 169;  Story's Eq. Plead., 76, 77; 5 Texas, 535; 51 Texas, 406, 544; 22 Texas, 647; Rule 2, for Dist. Cts.

2.   A plaintiff has the right to amend his pleading at any time before an announcement of ready on the merits, if it does not unnecessarily delay the court.   Metzger v. Wendler, 35 Texas, 367; Jennings v. Moss, 4 Texas, 452; Croft v. Rains, 10 Texas, 520; Lodge v. Leverton, 42 Texas, 18; Rule Sup. Ct., 27; Rev. Stats., art 1192; DeWitt v. Jones, 17 Texas, 620; Whitehead v. Foley, 28 Texas, 10.

*Greer & Greer*, for appellees.— 1. The survivor of a law firm may bring suit as such survivor for fees and debts due the firm which were earned by it, but he can not join in the same suit a debt due himself individually; and the joining of the two would be a misjoinder of parties and causes of action.   Stachely v. Peirce, 28 Texas, 328; Gazley v. Wayne, 36 Texas, 689; Paschal v. Dangerfield, 37 Texas, 273; Burden v. Cross & Co., 33 Texas, 685; 1 Ct. App. C. C., sec. 690; 2 Ct. App. C. C., secs. 173, 780; Birmingham v. Griffin, 42 Texas, 147.

2.   All the parties plaintiff must have an interest in all that is sued for. Stachely v. Peirce, 28 Texas, 328; Gazler v. Wayne, 36 Texas, 689; Paschal v. Dangerfield, 37 Texas, 273; Burden v. Cross & Co., 33 Texas, 685; 1 Ct. App. C. C., sec. 690; 2 Ct. App. C. C., secs. 173, 780; Ship Channel Co. v. Brady, 45 Texas, 6; Birmingham v. Griffin, 42 Texas, 147.

3.   When one member of a firm of lawyers dies any contract with the firm ceases, and any service rendered by the survivor is rendered as an individual and not as a member of the late firm.   Wright v. McCampbell & Son, 75 Texas, 644; Fulton, Hensley & Co. v. Thompson, 18 Texas, 278; Cavitt v. James & Co., 39 Texas, 189; White v. Tudor, 24 Texas, 639.

4.   Where parties or causes of action are improperly joined, and a demurrer has been sustained to such joinder, it is the duty of the parties to dismiss as to the party or causes of action improperly joined, and unless he does so dismiss the court must dismiss the whole case.   The court can not say which parties shall remain and which shall be dismissed.   Birmingham v. Griffin, 42 Texas, 147; Sayles' Civ. Stats., art. 1262; Seligson . v. Hobby, 51 Texas, 147; Catlin v. Glover, 4 Texas, 151.

COLLARD, JUDGE.—Where one member of a copartnership dies the partnership is at once dissolved, and the survivor can no longer carry on the firm business unless it may be where the articles of copartnership expressly so stipulate.   Alexander v. Lewis, 47 Texas, 482.

The power of the survivor is to wind up the business, collect the assets, reduce same to possession, and pay the debts.   He can sue upon debts due the firm, and do all things that the firm could do before dissolution for the purpose of settling up the copartnership affairs.   Fulton v. Thompson, 18 Texas, 278; Pars. on Part., top pp. 479, 480.

O'Brien then had the right to sue as surviving partner of the firm of O'Brien & John for the amount due for services rendered by the firm up to the death of John on the contract set up in the trial amendment; and we see no reason why he could not also sue in the same action for what might be due him individually for such services as he rendered in the performance of the same contract after the death of his partner, it being alleged that defendants after the death of John still recognized O'Brien as their agent in the premises.   It would be a remarkable rule that would require two actions for the breach of the same contract.   The averments

of the petition and the trial amendment show that the right of action is in the firm as such and in O'Brien individually for the services rendered under the contract. It was proper in such case to join as plaintiffs the firm and the individual. Stachely v. Peirce, 28 Texas, 328. It is true O'Brien could not join in this action by the firm another action on a claim due him individually and in no way connected with the contract for the sale of the land; but here the firm and the individual are jointly interested in the one action, in the one breach of contract. The matter should not have been split into two suits.

"There is no doubt," says Judge Hobby, "that the authorities are that where an agent employed to sell land complies with the contract of employment and the owner refuses without sufficient reason to fulfill the agreement the agent has made with the party desiring to purchase, if such party be able, willing, and ready to purchase, the agent has a right to demand compensation, to be regulated either by the terms of the contract, or by established usage in such cases if there be no contract." De Cordova v. Bahn, 74 Texas, 645; Harrell v. Zimpelman, 66 Texas, 293. The original petition and trial amendment set up the essential elements of a good cause of action in this character of suit—good, at least, upon general demurrer. The power of the executors to sell the land of the estate, and hence to make the contract with agents to sell, is not alleged as a distinct proposition, but we think with sufficient definiteness to be good on general demurrer. It is alleged that defendants are executors of the will of Andrew Armstrong "independent of the control of the County Court." It was also alleged that there was no restriction in the contract as to the sale of the lands "save that it was requested by defendants that they should be sold as soon as practicable for cash, as provided by the will of defendant's testator, at a fair price," etc.

We think the court erred in sustaining the general demurrer to the trial amendment and dismissing the case, and for this error the judgment ought to be reversed and remanded.

*Reversed and remanded.*