ISABELLA S. McCOWN ET AL. v. W. T. TERRELL ET AL.

No. 532.

1.  **Assignment of Error.**—An assignment of error complaining of the refusal of certain special charges, which are referred to by number only, and one alleging error in overruling a motion for new trial, "for each, all, and every one of the grounds therein fully set out," there being thirty different grounds embraced in the motion, is too general to be considered.

2.  **Will—Joint Executors.**—By the terms of a will the testator appointed his wife and W. as his executors, and further provided, that if W. declined to act the wife need give no bond. *Held,* that this latter provision did not indicate an intention that W. should not execute the power of executor alone, in the case of the wife's death.

3.  **Same—Survival of Power.**—Where the power is given to executors to be executed in their official capacity, and there are no words in the will warranting the conclusion that the testator intended a joint execution of the power, as the office survives to one alone, so also will the power survive.

4.  **Same—Death of Beneficiary.**—The death of the sole beneficiary under a will, before the executor has sold property of the estate to pay its debts, does not deprive him of that power.

5.  **Executor's Deed—Five and Ten Years' Limitation.**—In trespass to try title, defendants claiming under an executor's deed, pleaded the statute of five and ten years' limitation, and improvements in good faith. *Held,* that the deed was admissible under these pleas, without proof of the existence of debts of the estate authorizing the sale.

6.  **Same—Executor Acting Through Attorney.**—So, although the discretionary power of an executor can not be delegated, yet his deed executed through an attorney may be admissible under the pleas of five and ten years' limitation, and improvements in good faith.

7.  **Executor's Deed—Estoppel.**—Where plaintiffs seek to exclude an executor's deed through which defendants claim, proof that plaintiffs had previously brought suit to foreclose the vendor's lien retained in the deed, and to collect purchase money thereby due on the land, is admissible against them by way of estoppel.

8.  **Same—Ratification.**—So, also, proof that the plaintiffs, who were the testator's heirs, in consideration of the balance of the price of the land, ratified the executor's deed in writing, and released all claim to the land, is admissible to show ratification of such deed.

9.  **Will—Power to Sell for Debts—Proof of Debts Requisite.**—When a will gives the executor power to sell for the purpose of paying debts only, the purchaser under the executor's sale must show that debts then existed against the estate.

10.  **Administrator's Deed—Confirmation.**—Where the court charged, that if the proof showed that defendants held under a certain adminstrator's sale and deed, the jury should return a verdict for the defendants, the instruction should have been qualified with the condition, that such administrator's sale and deed, to be valid and binding, must have been ordered and confirmed by the proper Probate Court.

APPEAL from Hill.    Tried below before Hon. J. M. HALL.

*W. L. McDonald,* for appellants.—1.  A mere direction to two executors to sell, there being no devise of an interest, and no trust created, is but a naked power, and does not survive the death of one of the executors.   Pasch. Dig., art. 1373, and note; Peter v. Beverly, 10 Pet., 532; Loring v. Marsh, 2 Cliff. (U. S.), 311; 18 Am. and Eng. Encyc. of Law, 961, 887, and note 2; Gutman v. Buckler, 69 Md., 7;

Osgood v. Franklin, 2 Johns. (N. Y.), 1; Franklin v. Osgood, 14 Johns. (N. Y ), 527; Jackson v. Burtis, 14 Johns., 398, Zebach v. Smith, 3 Binn., 69; Robertson v. Gaines, 2 Humph. (Tenn.), 367; Parrott v. Edmonson, 64 Ga., 332, Brassey v Chalmers, 16 Beav., 231; Jarman v. Smith, 4 Bibb (Ky ), 307; Mallett v. Smith, 60 Am. Dec., 107; Brown v. Hobson, 13 Am. Dec., 187; Halbert v Grant, 4 B. Mon., 582; Williams on Exec., 857; Powell on Devises, 194; Rapalje & L. Law Dict., 987, 1297; 2 Bouv. Inst., 1927; 6 Laws. Rights and Rem., secs. 2750–2754; 2 Id., sec. 925, 953, 926; 1 Perry on Trusts, secs. 248, (note 2), 983, 989; 2 Story Eq. Jur , secs. 1000 (note), 1001 (note), 1061; 2 Washb Real Prop., 4 ed., 469, 470, 639; 2 Woerner's Am. Law of Admin., secs. 339, 340; 4 Bacon's Abridg., 39.

2.   Where a person claims to hold the land of an ancestor against an heir, by virtue of a sale of the lands by an executor with power to sell to pay the ancestor's debts, he must show that debts existed at the time of said sale   Roberts v. Connellee, 71 Texas, 11; 1 Texas Civ. App , 367; Blanton v. Mayes, 72 Texas, 417; 67 Texas, 240; 58 Texas, 422; Bennett v. Kiber, 76 Texas, 385; Anderson v Stockdale, 62 Texas, 54; Davenport v. Young, 63 Am. Dec., 320; Shelton v. Had-lock, 25 Atl. Rep., 483; 62 Conn., 143; Schouler on Ex. and Admin., sec. 509.

3.   A power conferred by will on two or more executors, unless a different intention is expressed in or can be properly inferred from the will, can not be legally and properly executed, unless all the parties to whom such power is delegated join in its execution.   The intention of the testator controls in the construction of wills, and must be ascertained from the meaning of the words of the will.   Hart. Dig , arts. 1118, 1127, 1219; Pasch. Dig., 5362; McLane v. Belvin, 47 Texas, 493; Hart v. Rust, 46 Texas, 556; Giddings v. Butler, 47 Texas, 535; House v. Kendall, 55 Texas, 40; Hunt v White, 24 Texas, 643; Langley v. Harris, 23 Texas, 570; Tippet v. Mize, 30 Texas, 362; Johnson v. Bow-den, 37 Texas, 621; Arnold v. Dean, 61 Texas, 249; Frisby v. Withers, 61 Texas, 134; Anderson v. Stockdale, 62 Texas, 54; Brown v. Hob-son, 13 Am. Dec., 187; Bell County v. Alexander, 22 Texas, 358; Phil· leo v. Holliday, 24 Texas, 42; Alexander v. Maverick, 18 Texas, 179; 2 Washb. Real Prop., 4 ed., secs. 340, 469, 470; Osgood v. Franklin, 7 Am. Dec., 517; 2 Laws. Rights and Rem., secs. 927–929, 953; Bond v. Zeigler, 44 Am. Dec., 656; Bank v. Powell, 52 Am. Dec., 367.

4.   The executors could not sell the land by attorney without the express authority so to do, contained in the will.   The power given to them by the will was a personal trust and confidence to be exercised by them jointly, according to their best judgment, under the terms and circumstances contemplated in the will, and was not capable of transmission or delegation.   This rule of law and equity is perfectly well settled.   Smith v. Swan, 2 Texas Civ. App., 563; Arm-strong v. O'Brien, 83 Texas, 639; 69 Texas, 349; 7 Am. and Eng. Encyc. of Law, 300; 18 Id., 986, note 1; 2 Laws. Rights and Rem.,

sec. 923; Jarm. on Wills, 5 Am. ed., p. 308; 2 Redf. on Wills, pp. 121, 219, 220; Frost v. Cattle Co., 81 Texas, 505; Berger v. Duff, 4 Johns. Ch., 368; May v. Frazee, 14 Am. Dec., 159, 171; Conklin v. Egerton, 21 Wend., 430.

5. If an executor conveys land without power, his conveyance can not be aided in equity. The defects which a court of equity will aid are those which are not of the very essence and substance of the power. A bona fide purchaser from an executor having no power to sell, acquires no title. 6 Laws. Rights and Rem., sec. 2754, and cases cited; 2 Id., sec. 953, and cases cited; Williamson v Williamson, 3 Smed. and M., 715; 41 Am. Dec., 636.

6. The ratification of an executor, with power to sell land, must be made and authenticated with the same solemnity and in the same manner as though it were the original contract. The bringing of suits by the executor to foreclose vendor's liens against purchasers of the land could not validate the void sales thereof. Giddings v. Butler, 47 Texas, 535; Am. and Eng. Encyc. of Law, 980; Newton v. Bronson, 67 Am. Dec., 94.

*Tarlton & Morrow* and *Crane & Ramsey*, for appellees.—1. After the death of Nancy McCown, P. J. Willis, the surviving executor, had the power to make good and valid conveyances to any land which the will authorized the two together to convey, and the mere fact that Nancy McCown, coexecutor, was dead at the date when the deed was made, could not render said deed made by the survivor inadmissible. McDonald v. Hamblen, 78 Texas, 632; Mayes v. Blanton, 67 Texas, 247; Roberts v. Connelee, 71 Texas, 11; Johnson v. Bowden, 43 Texas, 671.

2. The purchaser of real estate, under an express power of sale to pay debts, is not bound to investigate to see whether there are debts; courts are not therefore permitted to exclude a deed made by an executor acting under such power, for the reason that no debts were shown to exist at the date when said deed was made. Cooper v. Hormer, 62 Texas, 363; Otey v. Williams, 47 Am. Dec., 632; Loughmuller v. Harris, 2 Heisk., 559; Perry on Trusts, sec. 809.

3. Under the defendants' plea of improvements in good faith, as well as their pleas of statute of limitations of five and ten years, said deeds were admissible. Louder v. Schleiter, 78 Texas, 103; Gaither v. Haunek, 69 Texas, 92.

4. The will directed the executors in this case to sell lands if necessary to enable them to pay testator's debts. It was not a mere naked power. Peters v. Beverly, 10 Pet. (U. S.), 523; Taylor v. Benham, 5 How. (U. S.), 232; Otey v. Williams, 47 Am. Dec., 632.

5. The executor had the right to employ an agent to negotiate sales of the land, he retaining, as he did, the right to manage and control the sales. Armstrong v. O'Brien, 83 Texas, 639; 7 Am. and Eng. Encyc. of Law, 300; Giddings v. Butler, 47 Texas, 536.

6. The appellees have title against the appellants to those tracts of land which were sold by W. B. Tarver, as agent of the executor, P. J. Willis, when he put the purchaser in possession of same, collected the purchase money in money or vendor's lien notes, reported the sales to Willis, and remitted to Willis the money and notes, Willis expressing himself pleased with the sales, and collecting the notes and appropriating the proceeds to the use of the estate, especially where the purchasers went into possession of the lands unimproved and made valuable improvements on them. Giddings v. Butler, 47 Texas, 536; Brown v. McConner, 56 Texas, 229; Newton v Bronson, 67 Am. Dec., 89; Barr v. Hatch, 3 Ham. (O.), 527; Newton v. Bronson, 3 Kernan, 593; Nelson v. Carrington, 4 Mumf., 332.

7. The power to sell land to pay his debts, given by the will of Alex. McCown to his executors, was not a naked power, but was such a power as survived to P. J. Willis. Anderson v Stockdale, 62 Texas, 54; Peter v. Beverly, 10 Pet., 532; Otey v. Williams, 47 Am. Dec., 632.

8. When a will gives express power to the executors to sell land to pay debts, no proof of the existence of debts at the time of sale is necessary. Cooper v. Horner, 62 Texas, 363; 1 Perry on Trusts, sec. 809; Otey v. Williams, 47 Am. Dec., 632.

*J. G. Abney,* for appellee S. B. Hendricks.—The appellants, as heirs of Alex. McCown and of Nancy McCown, having made themselves parties to the suit of P. J. Willis, executor, against G. W. Wade, to foreclose vendor's lien, and having prosecuted said suit to judgment, and obtained an order of sale, and had the said land sold to satisfy said judgment, have by said acts ratified and confirmed said sale to Wade, and are now estopped from claiming the said land. Coddington v. Wells, 59 Texas, 49; Dalton v. Rusk, 22 Texas, 133; Ryan v. Maxey, 43 Texas, 192; Grand v. Chaves, 15 Texas, 550; Nelson v. Carrington, 4 Mumf., 332; Tollet v. Tollet, 1 Lead. Cases in Eq., p. 198; Freem. on Ex., 1 ed., sec. 335.

(The brief of Mr. Abney also covers the points already given above in the brief of other counsel for appellees.—REPORTER.)

FINLEY, ASSOCIATE JUSTICE.—This is a suit of trespass to try title, instituted by the plaintiffs in the court below against the defendants, for the recovery of the McCracken league of land, situated in Hill County. The defendants answered separately by plea of not guilty, general denial, limitations of three, five, and ten years, and valuable and permanent improvements in good faith. Coverture and minority were pleaded by several of the plaintiffs in answer to the plea of limitations. The case was tried, and resulted in a verdict and judgment for defendants, from which this appeal is prosecuted.

Plaintiffs claim title as heirs of Alexander and Nancy McCown, and proved their heirship. By the term plaintiffs, both the technical

plaintiffs and intervenors are referred to. Defendants also claimed title from same source, coming through executors and administrators. The league of land sued for was patented in 1850 to Alexander McCown, assignee of A. F. McCracken. In the fall of 1855 said McCown died, leaving a wife (Nancy), but no children surviving him. The following is a copy of McCown's last will, to wit:

"The last will and testament of Alexander McCown, of Montgomery County, Texas, witnesseth:

"1. That I, the said testator, do hereby appoint my beloved wife, Nancy McCown, and my worthy and trusty friend, Peter J. Willis, executors of this my last will. And I direct that the County Court have nothing to do with my estate or with its settlement, other than the probate and registry of my will and an inventory of my estate. And should my friend P. J. Willis decline assisting my wife in the execution of this trust, then I direct that my said wife be not required to give any bond for the execution of this will.

"2. I direct that all my just debts be paid as soon as possible, for which my executors shall have all the power to raise funds out of my effects that a court would give them, and for this purpose to sell and convey lands or other property.

"3. My wife's separate property, all of which consists of slaves, is of record, except the negro woman, Dinah, I direct shall not be interfered with. I also give her the household furniture.

"4. The balance of the property being of community, I direct shall go according to law, except my sister, Tirzah Birdwell, having no children and being well to do, shall be excluded from any share in my estate.

"Given under my hand and seal this 26th of September, 1855.

"ALEX'R McCOWN." [Seal.]

Said will was probated on November 26, 1855, and Nancy McCown and P. J. Willis, appointed executrix and executor by the will, on the same day accepted and qualified by taking the oath and giving a bond for $40,000. Appraisers were appointed, and an inventory was returned and filed on January 15, 1856, showing the estate to consist of various tracts of land, about 50,000 acres, including the league in controversy, divers land certificates, notes, bonds, etc., appraised at $54,-189.70. No list of debts or creditors is attached thereto. No lands appear to have been sold by the executrix or Willis during the lifetime of Mrs. McCown. Nancy McCown died intestate, without having children or parents surviving, on December 1, 1870, in Montgomery County. On February 24, 1871, the Probate Court of said county appointed E. C. Chambers administrator of the estate of Nancy McCown, who qualified, gave bond of $30,000 and on the same day entered upon the duties of his office, and continued therein until succeeded by J. T. and Annie E. Pierce, on July 20, 1876. On March 20, 1871 (a little over three months after Mrs. McCown's death, and

twenty-four days after Chambers qualified as her administrator), P. J. Willis, as executor of A. McCown, executed a power of attorney to W. B. Tarver, authorizing him to "sell and convey and good and sufficient titles make to all or any part of the A. F. McCracken league of land in Hill County."

Tarver soon sold the greater part of the league to defendants and their vendors, signing the deeds "P. J. Willis, executor of A. Mc-Cown, by W. B. Tarver, agent and attorney in fact." The purchasers paid for the land in cash and vendor's lien notes, on some of which Willis afterward brought suit. Willis, as executor, executed only two deeds to small portions of said land, one to Terrell and one to Gee; also by Tarver, a deed to Sledge, a part of which land he (Sledge) deeded back to Willis. J. T. Pierce and wife, administrators of Nancy McCown, sold three-fourths interest in about 800 acres, and J. G. McCown, for A. McCown's heirs, sold one-fourth interest in the same number of acres.

Under these sales defendants claim title; the court, over objection, admitted in evidence the several instruments of conveyance, including the power of attorney.

*Opinion.*—A large number of assignments of error are presented in the brief of appellants, but those which can be considered under the rules relate to the action of the court in admitting and rejecting evidence, and in charging the jury. The sixteenth assignment complains of the court for refusing special charges numbers 1, 2, 3, 4, 5, 6, 7, 8, 8a, 9, 9a, and 10; while the seventeenth assignment is directed at the action of the court in overruling motion for new trial, "for each, all, and every one of the grounds therein fully set out," there being thirty different grounds embraced in the motion. These two assignments are too general, and must be disregarded.

The main questions in the case, however, are properly raised by other assignments, and command consideration.

The first assignment of error challenges the action of the court in admitting in evidence deeds from P. J. Willis, as executor of the will of Alexander McCown, deceased, to W. T. Terrell and R. A. Gee, conveying part of the land in controversy, executed by Willis alone, after the death of Nancy McCown, executrix.

The first objection raised against the introduction of the testimony is, that Willis, as executor, had no power to sell and convey lands under the terms and provisions of the will, without being joined by Nancy McCown, who had accepted and qualified as executrix; that upon her death the power to convey under the will did not survive to Willis. This proposition is insisted upon with great earnestness by appellants' counsel, W. L. McDonald, Esq., supported by an elaborate and able brief and argument. The theory presented embraces two propositions: 1. That the terms of the will indicate the intention of the testator, that Willis should not execute the powers of executor

alone. 2. That the power granted to Willis by the will was a mere naked power without interest, and did not survive the death of Nancy McCown, his coexecutrix.

Does the will fairly admit of the construction contended for by appellants' counsel? The language of the testator is: "I do hereby appoint my beloved wife, Nancy McCown, and my worthy and trusty friend, Peter J. Willis, executors of this my last will and testament, and direct that the County Court have nothing to do with my estate, or with its settlement, other than the probate and registry of my will, and an inventory of my estate." This is the part of the will which names and appoints the persons who are to execute the will of the testator. There is nothing in this language which negatives the authority of one of the persons named to execute the will in case the other therein named should refuse to accept the trust, renounce it, or die before the duties imposed by the will upon the executors are performed. The will further provides: "And should my friend P. J. Willis decline assisting my wife in the execution of this trust, then I direct that my said wife be not required to give any bond for the execution of this will." This clause, it is claimed, expresses the intention of the testator, that Willis shall not execute the will alone. A fair construction of this language, we think, leads to the conclusion that the testator only intended by it to relieve his wife of the obligation of giving bond, in case his friend Willis should decline to act as coexecutor. There is nothing to indicate that any measure or limitation of power was intended to be announced by the testator in the use of the language employed in said clause of the will. The will simply nominates two executors, without distinction as to powers, without negation of authority in either to execute the will alone, and then further provides, that his wife shall not be required to give bond in case the other executor named declines to act. The construction contended for can not be sustained.

The second proposition does not seem to be an open question under our decisions. It is authoritatively settled adversely to appellants' contention by our decisions, both Federal and State. Peter v. Beverly, 10 Peters, 532, is a well considered case, and in discussing the question the court says: "The general principles of the common law as laid down by Lord Coke (Co. Lit., 112b) and sanctioned by many judicial decisions, is, that when the power given to several persons is a mere naked power to sell, not coupled with an interest, it must be executed by all, and does not survive. But when the power is coupled with an interest, it may be executed by the survivor. But the difficulty arises in the application of the rule to the particular cases. It may perhaps be considered as the better conclusion to be drawn from the English cases on this question, that a mere direction in a will to the executors to sell land, without any words vesting in them an interest in the land, or creating a trust, will be only a naked power which does not survive. In such a case there is no one who has

the right to enforce the execution of power. But when anything is directed to be done in which third persons are interested, and who have a right to call on the executors to execute the power, such power survives. This becomes necessary for the purpose of effecting the object of the power. It is not a power coupled with an interest in executors, because they may derive a personal benefit from the devise; for a trust will survive, though in no way beneficial to the trustee;" and from the American cases it is deduced, that "when the power is given to executors to be executed in their official capacity of executors, and there are no words in the will warranting the conclusion that the testator intended, for safety or some other object, a joint execution of the power, as the office survives, the power ought also to be construed as surviving."

It is unmistakably established by the decisions of our State Supreme Court that where two or more persons are nominated in a will as executors, with a trust imposed thereby, without any expression denying the power to a less number to execute the will, that one alone may execute the will, where the others decline to accept, renounce the trust, or die before the duties imposed by the will upon the executors are performed. Johnson v. Bowden, 43 Texas, 671; Mayes v. Blanton, 67 Texas, 247; Roberts v. Connellee, 71 Texas, 11; McDonald v. Hamblen, 78 Texas, 632; Bennett v. Kiber, 76 Texas, 385.

Objecting to the evidence, it was further urged, that upon the death of Alexander McCown, without issue, his surviving wife, Nancy McCown, became his sole heir and legatee; title to the property was cast upon her, subject only to the debts of the deceased; and after her death, and pending administration upon her estate, Willis, as executor of the will of Alexander McCown, could not convey the property to pay the debts of the testator. There is no force in this objection. The fact that the beneficiary of the estate, the heir or legatee, dies before the executor of the will has sold property of the estate to pay the debts of the testator, as directed in the will, does not strip him of the power to perform that duty as executor, and force the creditor to resort to proceedings against the estate of such beneficiary. The creditor of the testator would have the right to insist upon him executing the trust which he had accepted under the will.

Another ground of objection presented was, that the will gave power to sell land to pay the debts of the testator, and for no other purpose, and it not being shown that any such debts existed, that the power to sell did not exist, and the deed was therefore void. This proposition is urged under another assignment of error, and need not be considered in this connection, as we are of the opinion that the deed was admissible in evidence under defendants' pleas of limitations of five and ten years, and improvements in good faith.

The second and third assignments of error are based upon the action of the court in admitting in evidence, over objection, power of attorney from Peter J. Willis, as executor, to W. B. Tarver, authorizing

him to "sell and convey all or any part of the A. F. McCracken league of land in Hill County, Texas;" and the various deeds executed thereunder to purchasers in the name of Peter J. Willis, executor, etc., by Tarver as agent and attorney in fact of said Willis, executor. It is unnecessary here to discuss the probative force and effect of this evidence under the various objections made to its introduction. It has been held, that an independent executor may commit the execution of acts which are merely mechanical, to others, and that this includes the mere act of executing and delivering a deed of conveyance, where the discretionary power of sale conferred by the will is exercised by the executor. Smith v. Swan, 2 Texas Civ. App., 563. It is also held, that independent executors may lawfully employ agents to negotiate sales of land for them. O'Brien v. Armstrong, 79 Texas, 602; Id., 83 Texas, 635. The control and discretionary power may not be delegated, and a deed made under such a power of attorney would not be sufficient evidence of title, but evidence would be required showing that the executor had exercised the discretionary power reposed in him by the will in making the sale, or the ratification of it after it was made. Smith v. Swan, supra. It is sufficient, however, here to say, that these instruments appear to have been admissible in evidence in support of the pleas of improvements in good faith, and limitations. Upon like grounds, the evidence, the admission of which is complained of in assignments numbers 4, 5, 6, and 8, was admissible.

Seventh assignment of error. "The court erred in admitting in evidence, over objections of plaintiffs and intervenors, the original petition in five several suits of P. J. Willis, executor of A. McCown, v. J. D. and D. A. Riggs, J. M. Moore, G. W. Wade, J. M. Watson, and Mathews, filed in the District Court of Hill County, Texas, to foreclose vendor's liens upon several tracts of the land in controversy: 1. Willis had no power to act as such executor at the time he filed said suits, same being after the death of the executrix, Nancy McCown, and while administration was pending on her estate in the Probate Court of Montgomery County, Texas. 2. Willis could not, by bringing said suits, ratify and make valid the void sales of land by Tarver, as attorney in fact for him as executor of A. McCown. 3. John T. Pierce and wife, administrators of the estate of Nancy McCown, by making themselves parties to some of said suits, could not legally bind the heirs of said estate by joining in some of said suits, or ratify the void sales of land made by Tarver, in the absence of authority to join in said suits from the Probate Court of Montgomery County, Texas, where the administration was pending."

The petitions referred to in the assignments showed that appellants, A. E. Pierce, J. G. McGown, and others, had brought suit in the District Court to collect the purchase money due on the land under the sales which it is claimed conveyed no title, and the evidence was admissible by way of estoppel against the parties seeking recovery upon such purchase money notes.

The eighth assignment is directed at the admission of an instrument executed by John T. Pierce and J. G. McCown. The instrument complained of is as follows·

"THE STATE of TEXAS, }
  "County of Hill.      }

"Know all men by these presents, that whereas Peter J. Willis, executor of the estate of Alex. McCown, deceased, by his agent and attorney in fact, W. B. Tarver, did on the 13th day of May, 1871, make, execute, and deliver to J. J. Gathings his deed of conveyance to 430 acres of land in Hill County, Texas, the same being part of the Mc-Cracken league, said deed being recorded in Book M, on page 768, Hill County records; and whereas said J. J. Gathings is desirous of having said deed ratified by the heirs of said A. McCown, deceased, therefore, in consideration of one hundred and eighty dollars in gold, being balance of purchase money of said land, we, John T. Pierce, acting for his wife, Annie E. Pierce, and as administrator of the estate of N A. McCown, deceased, and J. G. McCown, agent and attorney in fact of D. C. McCown, Sampson McCown, E. M. Roach, N. A. Morgan, and E. M. F Morgan, James McCown, and Sampson McCown, Jr., and B. S. Wilson and wife, Jane Wilson, and for himself, all heirs at law of said A. McCown, deceased, do hereby ratify and confirm said first named deed and relinquish all claim of title in the land by reason of our heirship as aforesaid." Dated March 6, 1878.

Signed and duly authenticated by above parties.

The parties named in said instrument as heirs of Alex. McCown had given J. G. McCown full power to act for them in the matters pertaining to said estate, by powers of attorney.

Appellant Isabella McCown claims under Sampson McCown, Sr.; appellants Scott and wife and V. Gregg McCown and others claim as heirs of D. C. McCown; all the other persons named in said instrument are parties to this suit, except John T. Pierce and B. S. Wilson, who are dead.

The said instrument was admitted, not as a conveyance binding on the estate represented by John T. Pierce, but as evidence of payment of purchase money to John T. Pierce, husband of intervenor Annie E. Pierce, and to the heirs of Alexander McCown, and as an act of ratification in those who have legally signed it, and the jury were so instructed at the time the deed was admitted. Some of the appellants claim under J. J. Gathings.

The court did not err in admitting the evidence for the purposes to which it was limited.

The ninth assignment of error relates to the admission in evidence of what purported to be a report and final account filed in the County Court of Montgomery County by J. T. Pierce and wife, as administrators of Nancy McCown's estate. The bill of exceptions upon which the assignment is based fails to set forth the instruments, or give the

substance of their contents; and fails to point out any matter therein contained calculated to injure the rights of appellants. From such a bill we can not determine whether appellants were injured by the action of the court or not, and for that reason it would not be proper for us to review it.

Tenth assignment of error: "1. The court erred in refusing to permit plaintiffs and intervenors to read in evidence, in rebuttal, the cross-interrogatories and answers thereto of Jo Abbott, defendants' witness, because said evidence showed, and tended strongly to show, that the money, or a part thereof, received by W. B. Tarver for said land in controversy sold by him as attorney in fact for P J. Willis, executor of A. McCown, had never been paid to said Willis, or to plaintiffs and intervenors, and contradicting said Tarver's testimony on these points; and showing further, that said W. B Tarver was prosecuted by said Willis, and was indicted by the grand jury of Hill County, Texas, in several cases, and prosecuted in the District Court of said county, in several of said cases, for embezzling said money, and that he, Jo Abbott, being at that time a practicing lawyer at Hillsboro, Texas, was employed by said Willis to prosecute said Tarver for said offenses, and that he did so prosecute him. 2. The court erred in refusing to permit plaintiffs and intervenors to introduce the testimony of S. C. Upshaw, to the effect that W. B. Tarver employed him as his attorney to defend him in the said several cases against him for embezzlement. 3. Also, in refusing to allow plaintiffs and intervenors to prove by O. H. Young that he is the district clerk of Hill County, Texas, and is custodian of the records of said court, and that all the papers in the several cases above mentioned of The State of Texas v. W. B. Tarver, for embezzling said money, including the indictments, judgments, and all the proceedings therein, have been lost or destroyed by fire, and are not now in his office or custody; that after offering to prove by the clerk the loss of the papers in said cases, plaintiffs and intervenors again offered to introduce said testimony of Jo Abbott and S. C. Upshaw, and the court again erroneously refused to admit said evidence to contradict said Tarver, he having been asked, in taking his depositions on cross-examination, whether or not he had accounted to Willis for money received from sales of said land, and having answered the question in the affirmative."

The bill of exceptions upon which this assignment is based does not disclose the objections upon which the evidence was excluded, and every presumption in favor of the correctness of the ruling of the court should be indulged. Railway v. Gage, 63 Texas, 568. If the evidence was offered, as it seems it was, to prove that Tarver did not pay over to Willis the money derived from the sales of land, it was not primary evidence, and for that reason it was not admissible. If it was offered to show, in rebuttal, that the estate or the heirs did not get the benefit of the money, it was, for the same reason, also objectionable. There was no affirmative relief asked in the pleadings of the

defendants on account of the payment of the purchase money, and the estate of heirs having received the benefit of it, and as purchasers under an authorized sale to pay the debts of the testator are not bound to see to the application of the purchase money, it is not perceived that the evidence would have benefited plaintiffs or intervenors.

The eleventh and twelfth asssignments of error attack the following portions of the charge of the court: "The evidence shows, that Mrs. Nancy A. McCown died in the year 1870, leaving P. J. Willis as the surviving executor of Alexander McCown's estate, and under the will he had the right to sell land to pay debts, and when he had done so it will be presumed that he did his duty in making such sales, and it devolves upon those asserting there were no debts to prove that fact by competent evidence, before they can defeat the sales made by said Willis.

"The court instructs you that P. J. Willis had no power to appoint W. B. Tarver to act for him in taking control and disposing of any of the estate of Alexander McCown, but he could appoint him to negotiate sales, and if Tarver did make sales of such lands and executed and delivered deeds to same, and if Willis received the money and collected the notes and appropriated the funds to the estate of A. McCown, then sales by Tarver would be binding upon the heirs of the estate of said Alexander McCown."

In the will under consideration, the power to sell lands is conferred by the use of this language: "2. I direct that all my just debts be paid as soon as possible, for which my executors shall have all the power to raise funds out of my effects that a court would give them, and for *this purpose* to sell and convey lands or other property." The power to sell lands is, by the terms of the will, limited to the one purpose of paying the just debts of the testator. The sales were made fifteen years after the death of the testator, and no evidence whatever was adduced tending to show that debts of the testator then existed.

In Cooper v. Horner, 62 Texas, 363, Mr. Walker, Presiding Judge, Commission of Appeals, delivering the opinion, says: "The purchaser of real estate under power of sale to pay debts is not bound to investigate whether there are debts, nor to see to the appropriation of the purchase money." Citing 1 Perry on Trusts, section 809.

The evidence in the above case showed, and the court found as a fact, that at the time of the sale by the executor "there were subsisting debts against the estate amounting to $1373.17." The question as to whether it was necessary to be shown that debts existed, in order to support the sale, was not involved in the case, and was therefore unnecessary for decision. We do not find the proposition announced in this case, that the purchaser is not called upon to show that debts existed against the estate, indorsed by any subsequent decision of our Supreme Court. On the contrary, we understand the reverse of the proposition to be maintained in several cases. In Mayes v. Blanton, 67 Texas, 247, Mr. Stayton, Chief Justice, says: "On a former appeal

it was decided that one of the trustees had no power under the will, the others living, to sell the property conveyed in trust; and the opinion questions the power of all the trustees, under the provisions of the will, to sell. While the opinion there given recognizes the correctness of the ruling in Johnson v. Bowden, 43 Texas, 674, reasserted in Anderson v. Stockdale, 62 Texas, 54, there is much in the argumentive part of the opinion which would seem to deny the rule laid down in the cases above mentioned; *but it will be seen that there was no evidence in the case, as there presented, which tended to show that the estate owed debts, which alone, under the terms of the will, would have empowered the qualified executor, or all of them, had they qualified, to sell the property as executors,*" etc.

In Roberts v. Connellee, 71 Texas, 16, Mr. Collard, Judge, in discussing the opinion in the Mayes case, says: "The right of one of the executors to sell property was made to depend upon the conditions and directions in the will, and not upon the doctrine that one executor had no power to act. So the court held, by plain inference, that if debts were shown to exist and the sale was made to pay the same, it would be valid; if no debts could be shown, then by the terms of the will the sale was not authorized, in which case the plaintiff could recover the land back, and the purchaser the price he had paid for it."

In Blanton v. Mayes, 72 Texas, 418, Mr. Stayton, Chief Justice, discusses this proposition, as follows: "On a former appeal, it was held that one executor who had qualified had the power to sell the land in controversy to appellee if debts against the estate represented by him existed. Mayes v. Blanton, 67 Texas, 246. On the trial from which this appeal is prosecuted, the court instructed the jury, in effect, that the title acquired by appellee through his purchase was valid, if at the time he purchased there were debts against the estate represented by the executor which made it necessary for him to make the sale; and it further placed the burden not only of showing these facts, but that the money paid by appellee for the land was applied by the executor to the payment of these debts, on appellee. Under this charge, which placed on appellee a burden greater than the law imposes upon him, a verdict was rendered in his favor. If the evidence was sufficient to show that debts legally a charge on the estate of the testator existed at the time appellee bought from the executor, then the judgment must be affirmed, unless there be some error in the proceedings not involved in the question of the power of the executor to sell the land."

The learned judge then proceeds to discuss the evidence, concludes that it proved that debts existed against the estate, and affirms the judgment of the court below. From these authorities, we understand, that when the will gives to the executor power to sell for the purpose of paying debts only, the purchaser under the executor's sale must show that the condition existed under which the power could be exercised, namely, that debts existed against the estate. If no debts existed, the executor himself could not sell the land, and, of course, could not

authorize another to do so for him. Under the facts of this case, both propositions complained of in the charge of the court were erroneous. This case strongly exemplifies the wisdom and justice of the rule above announced. Here, under a will which authorizes the exercise of the power only for the purpose of paying the testator's debts, the sales were made fifteen years after the testator's death, when it is reasonable to presume that, if there ever existed such debts, they had long since been paid, and when it would be practically impossible for the heirs to show that no debts existed.

The thirteenth assignment of error is also well taken, for the reasons announced in the discussion of the last two assignments.

There is one branch of titles involved which comes through the administration upon Nancy McCown's estate. Upon this feature of the case, the fourth assignment of error is based, as follows: "The court erred in that portion of his charge where he tells the jury, 'the court further instructs you, that if you believe from the evidence that J. T. Pierce and his wife, Annie E. Pierce, were appointed administrator and administratrix of the estate of Nancy McCown, deceased, and that they sold and conveyed by deed or deeds to defendants, or any one or more of them, then you will find for such defendants or defendant as against the intervenors suing as the heirs of Nancy McCown.' The jury should have been told that the said administrator's sales, to be valid and binding against the heirs of Nancy McCown, must have been ordered and confirmed by the Probate Court of Montgomery County, Texas."

This assignment of error is technically well taken, though under the facts it may be doubted whether any injury resulted from the error.

It is believed that the principles involved in the case have been sufficiently discussed to enable the court below upon another trial to have the case tried upon the proper issues.

*Reversed and remanded.*

Delivered November 21, 1894.