**STERN v. FENELON.**

No. 8249.

Court of Civil Appeals of Texas. San Antonio.

Oct. 9, 1929.

Rehearing Granted Feb. 6, 1930.

R. R. Smith and Jas. A. Waltom, both of Jourdanton, for plaintiff in error.

J. R. Garnand and H. D. Barrow, both of Jourdanton, for defendant in error.

FLY, C. J.

In her petition, as plaintiff in the court below, defendant in error alleged that a partnership was formed on January 9, 1928, between her husband, M. P. Fenelon, now deceased, and plaintiff in error, N. J. Stern, in a general mercantile business in the city of Jourdanton, Atascosa county, said partnership to continue for one year, and the business was carried on until the death of M. P. Fenelon, on March 1, 1929. It was further alleged that there was on hand a large stock of goods, wares, and merchandise belonging to the partnership on August 13, 1928, when the suit was filed. Defendant in error alleged that she was the independent executrix of the will of M. P. Fenelon and she sued as an individual and in her representative capacity, and prayed for the appointment of a receiver, and that on a final hearing the partnership be declared dissolved, and that the affairs of the partnership be administered by such receiver, that plaintiff in error be required to file an accounting of his management of the partnership, and that after the payment of the debts of the partnership the property be divided between plaintiff in error and defendant in error, as their respective interests might appear. Plaintiff in error admitted the partnership with M. P. Fenelon, and alleged that after his death defendant in error entered into the partnership with him and continued therein until she filed this suit. He agreed that the partnership might be dissolved and that there be a full accounting and a division of the property.

The cause was submitted to a jury, consisting of eleven men, by agreement, on special issues, in answer to which the jury found that Mary Fenelon, after the death of her husband, did not enter into an agreement with Stern to continue the partnership as it existed, nor did she form another partnership with him, and that through incompetency, or with intent to defraud the said Mary Fenelon, plaintiff in error was managing the partnership so as to jeopardize the interest of the said Mary Fenelon, and that the property was liable to be lost, removed, destroyed, or materially injured. The verdict was properly signed by all of the eleven jurors, and on such verdict the partnership was declared dissolved and a receiver was appointed to take charge of and sell prop-

erty and make final report to the court of his action.

The death of M. P. Fenelon dissolved the partnership existing between him and N. J. Stern in the absence of any agreement to continue the partnership, as in the partnership agreement or in the will of deceased. O'Brien v. Gilleland, 79 Tex. 602, 15 S. W. 681; Altgelt v. Alamo National Bank, 98 Tex. 252, 83 S. W. 6.

No question as to the right of the executrix to enter the partnership can arise in this case, because she was not only executrix but sole legatee under the will of M. P. Fenelon. She being a feme sole undoubtedly had the right and power to enter into and continue the partnership, and a strong preponderance of the testimony tends to show that she did enter the partnership, although the jury found otherwise.

If it be admitted, however, that Mrs. Fenelon did enter the partnership after the death of her husband, we fail to see how that fact would, under the facts of this case, require the reversal of the judgment. Defendant in error prayed for the dissolution of the partnership and a receivership be granted to close up the affairs of the partnership, and the plaintiff in error, after alleging that Mrs. Fenelon took up the partnership dissolved by the death of her husband, pleaded as follows: "Plaintiff (defendant?) here now offers to dissolve said partnership, divide the assets and property thereof, and to assume an equal one-half of the debts of said firm, and allow the court to determine the disposition of said fixtures and the manner of dividing the other assets. Defendant tenders to this court and to plaintiff the books and records of said firm, and offers to give under oath any information desired with reference thereto."

Plaintiff in error not only expressed a willingness that the partnership be dissolved, and that its debts be paid and property divided, but invoked the aid of the court in determining "the disposition of the fixtures and the manner of dividing the other assets." Everything necessary to the closing out of the partnership business was agreed to by both parties, and the court resorted to the appointment of a receiver to carry out the matters agreed to in the pleadings. The court could have done this under the pleadings without resorting to evidence, and undoubtedly had the authority to appoint a receiver to carry into effect the details of the judgment. The appointment of the receiver was ancillary to the suit for dissolution and settlement of partnership affairs. The appointment of the receiver was justified under the facts and the terms of article 2293, subd. 1 (Rev. St.) which permits the appointment of a receiver under the facts alleged and proved, that it was probable that the partnership property was in danger of being materially injured or lost. "The court appointing a receiver is invested with a large discretion as to the necessity. * * *" Rische v. Rische, 46 Tex. Civ. App. 23, 101 S. W. 849, 850.

It was alleged and proved that plaintiff in error offered to dissolve the partnership and divide the property before the trial was had, and he in his pleadings evinced a desire to have a dissolution and division of property, and we feel that the whole of the costs of this suit should not be laid upon him.

The judgment will be reformed so as to assess two-thirds of the costs of this and the lower court against Mary Fenelon and the other third against R. J. Stern, and as reformed the judgment will be affirmed.