## WHITE et ux. v. HUTTON.
### No. 3767.

Court of Civil Appeals of Texas. Amarillo.

June 29, 1932.

Rehearing Denied Sept. 7, 1932.

Rob't A. Sowder, of Lubbock, for plaintiffs in error

Bills & Hazel, of Littlefield, for defendant in error.

JACKSON, J.

The record discloses that about the 1st of February, 1929, J. H. White and wife, Thelma G. White, entered into a written contract with Wm. J. Harris, creating a limited partnership under chapter 1, title 105, R. C. S. 1925 (article 6110 et seq.), by the terms of which White and wife became the general partners and Wm. J. Harris the special partner.

The articles of agreement provided that the name of the firm should be "Happy Hill Farms" and the partnership should terminate on December 31, 1929, unless extended by mutual consent and agreement. That the partnership was created "for the purpose of conducting, operating and carrying on the business of buying, selling and raising for the market chickens, turkeys, hogs, cattle and other live stock and producing crops of different kinds and doing a general stock-farming business." In the contract the contributions to the capital stock were enumerated, stipulations for the division of profits 50 per cent. to the general partners and 50 per cent. to the special partner were made. The general partners agreed to reside and conduct the business on Labor 25 in League No. 465 in Lamb county, Tex., furnished by the special partner; to give all their time and attention to the partnership business, diligently look after and care for all the fowls and live stock, and use their skill and ability in raising the best grades thereof for market; prepare the soil and cultivate and harvest crops on the farm. They were given full authority to manage and conduct the business as they saw fit, to purchase and sell chickens, turkeys, and live stock for carrying on the business, and receive and pay out all the moneys. For their services they were to receive jointly the sum of $2,000 to be paid out of the partnership funds. The special partner was not to do any work or manage or look after the business, but was to be consulted by the general partners relative thereto. The profits were to be divided on December 31, 1929, and all the expenses, including the $2,000 salary to the general partners, were to be paid out of the proceeds of the business before a division of profits; but if the partnership did not make sufficient gross profits to pay said $2,000, then the firm was not liable to the general partners for said sum, but they were to receive such portion thereof as was made from the business after all other expenses were paid. They were authorized to draw from the funds of the partnership sufficient money to pay their necessary living expenses, but at the expiration of the term if they had drawn more for living expenses than the business was able to pay, after discharging the other expenses, the general partners were to repay to the business the excess. They were to keep true and accurate books of all transactions and furnish to the special partner a written report of the financial condition of the business when required.

The articles of the partnership agreement were not renewed as required by the statute at the expiration of the term therein provided, but the business was continued with the assent and acquiescence of the partners through the year 1930.

About July 3, 1930, the special partner Wm. J. Harris sold and conveyed the farm on which the partnership business was conducted, together with his one-half interest in said partnership business and property, to A. A. Hutton, the defendant in error herein, who assumed the obligations of Wm. J. Harris and agreed to carry out the partnership contract except as to the payment of a certain partnership debt, which for the disposition of this appeal is immaterial.

On or about December 8, 1930, defendant in error, A. A. Hutton, upon an ex parte hearing, secured the issuance of a temporary writ of injunction out of the district court of Lamb county, Tex., which was served upon the defendants, enjoining them from certain acts, the nature of which is not revealed by the record. On the 8th day of January, 1931, the court on an ex parte hearing appointed C. H. Grow receiver over the property of the Happy Hill Farms, directed him to take immediate possession of the premises, the assets, books, accounts, contracts, and documents of the partnership, gave him authority to carry on the business, sell sufficient of the property to pay the reasonable operating expenses, and commanded the plaintiffs in error to surrender to the receiver all of the partnership property, books, accounts, etc., and continued the temporary restraining order theretofore issued in force against the plaintiffs in error.

Neither the petition on which the temporary writ of injunction was issued, nor the petition on which the receiver was appointed and the temporary writ of injunction continued, appear in the record.

On March 12, 1931, the defendant in error filed a second amended original petition in which he alleged in detail the partnership agreement, his purchase of a one-half interest of the firm property, his assumption of certain obligations, and asked for an accounting, a division of the property, and a dissolution of the partnership.

The allegations on which he sought to continue the injunction and the receivership were, in effect, that the plaintiffs in error had sold some of the assets of the partnership, failed to account for the proceeds thereof,

misapplied and misappropriated property belonging to the firm, and were threatening to sell firm property and retain the proceeds. That he was to that extent being excluded from participation in the business. That plaintiffs in error had no exempt property subject to execution and he would be damaged by the dissipation of the firm assets. That the plaintiffs in error had mismanaged the property, and alleged certain acts which he charged as mismanagement and certain articles which he claimed had been sold. That the property was in danger of being lost and the partners could not mutually agree upon a division, and that it was necessary to continue the injunction and the receivership.

On January 15, 1931, the defendant in error filed a suit in trespass to try title, applied for and had issued a writ of sequestration under which the plaintiffs in error were dispossessed.

This suit was consolidated with the suit for injunction, receivership, and accounting, and both were tried together.

The plaintiffs in error on February 24, 1931, answered by general demurrer, numerous exceptions, denied the existence of the facts alleged as a basis for the injunction and receivership, asserted that they had faithfully performed each and every duty and obligation placed upon them by the partnership agreement, pleaded that the contract had been breached by the special partner, claimed certain indebtedness against the partnership for services and money furnished, charged the defendant in error with notice thereof at the time he purchased, and set up a cross-action, alleging that the sequestration was willfully and maliciously sued out, that they were illegally ejected, for which they sought to recover damages.

The court submitted numerous special issues relative to the partnership property, the indebtedness of the special and general partners to each other and the partnership, the property furnished in creating the partnership, which is designated as capital stock, and the partnership property on hand, the value thereof, and upon the answers of the jury to such issues, judgment was rendered that the defendant in error recover title and possession of the land, that the partnership should be dissolved, the partnership property divided, that the defendant in error pay the actual cost of the issuance and execution of the temporary writ of injunction, and that the plaintiffs in error pay all other costs in both suits, including receivership fees, continued the injunction and the receivership, allowed the receiver the sum of $275 for services theretofore rendered and $100 per month until final disposition of the property and the winding up of the partnership affairs. The plaintiffs in error, hereinafter called appellants, prosecute this appeal from said judgment.

The appellants assign as error the action of the court in failing to submit to the jury any issue pertaining to the existence of the facts alleged by appellee as a basis for the temporary injunction and receivership and in refusing to submit at their request whether or not they had mismanaged, neglected, or mistreated the property of the partnership or threatened to dispose of any of such property for the purpose of defeating the rights therein of the appellee.

■ In order for the defendant in error to justify the appointment of a receiver and the continued administration of the partnership affairs by such receiver, it was essential not only that his pleadings allege sufficient facts to authorize the appointment of a receiver and an administration of the estate by him, but that such facts be established by the testimony. It is unnecessary to recite the evidence relative to the issues of mismanagement, negligence, mistreatment of the property, disposition thereof, misappropriation of the funds, and the exclusion of the defendant in error from assisting in the management thereof, as the evidence is ample to have authorized the jury to find that none of such facts existed. The case having been tried to a jury, it was the duty of the court to submit such issues to the jury. International-Great Northern Ry. Co. v. Casey (Tex. Com. App.) 46 S.W.(2d) 669. And certainly his refusal to submit such issues when requested by the appellants constituted reversible error. Safety First Bus Co. v. Skibinski (Tex. Civ. App.) 36 S.W.(2d) 288, and authorities cited. Had the jury found under the facts that the administration of the estate through a receivership was not justified, the appellants would not have been chargeable with all the costs, including the salary of the receiver and the expenses of the receivership administration. "Though the expenses of the receivership must be paid from the funds in the hands of the receiver, the general rule is that these expenses should come from the party whose wrongful act made the appointment of the receiver necessary in order to preserve the property during the litigation." Houston Production Co. v. Taylor (Tex. Civ. App.) 33 S.W.(2d) 202, 204. Stern v. Fenelon (Tex. Civ. App.) 24 S.W.(2d) 1111; Delcambre et al. v. Murphy (Tex. Civ. App.) 5 S.W.(2d) 789.

The appellants under proper assignments challenge the sufficiency of the testimony to support some of the findings of the jury, and also present several other assignments of error which we deem it unnecessary to discuss, as they probably will not arise on another trial.

The judgment is reversed, and the cause remanded.