DeCordova & Son v. A. Bahn.

No. 2096.

1. **Principal and Agent.**—When an agent employed to sell land complies with the contract of employment, and the owner refuses without sufficient reason to fulfill the agreement made by such agent with the party who desires to purchase, if such party be able, willing, and ready to purchase, the agent is entitled to compensation, to be regulated either by the terms of the contract, or by established usage if there be no contract fixing the terms.

2. **Judgment.**—When the evidence, though conflicting, is sufficient to sustain the judgment, it will not be reversed on appeal.

Appeal from Blanco. Tried below before Hon. A. W. Moursund. The opinion states the case.

*R. H. Ward,* for appellants.—The preponderance of the testimony clearly

showed that defendant placed lots 1, 2, 3, and 4 in the hands of plaintiffs. for sale, without any conditions or limitations as to time in which the sale should be made, and that plaintiffs found a purchaser ready, willing, and able to buy the property at the price at which plaintiffs were authorized to sell the same, and that defendant without cause refused to make the sale. Harrell v. Zimpelman, 66 Texas, 293; Kennedy v. Clark, 1 W. & W. Ct. App. C. C., sec. 843; Burns v. Hill, 2 W. & W. Ct. App. C. C., 223; Glentworth v. Luther, 21 Barb., 145; Kirk v. Emmerling, 22 How., 69; Van Lien v. Byrnes, 1 Hilt., 134; Holly v. Gosling, 3 E. D. Smith, 262; Moses v. Burling, 31 N. Y., 462; Phelan v. Gardner, 43 Cal., 306; Briggs v. Boyd, 65 Barb., 199; Doty v. Garner, 43 Barb., 529; Knapp v. Wallace, 41 N. Y., 477; Lane v. Allright, 49 Ind., 275; Jones v. Allen, 11 Am. Reg., 53; Lincoln v. McClatchie, 36 Conn., 136; Woods v. Steven, 46 Mo., 465; Stewart v. Mather, 32 Wis., 344; Sibbald v. Iron Co., 83 N. Y., 378.

*Carleton & Ruggles*, for appellee.—The preponderance of the testimony being in favor of and supporting the judgment and finding of the court in this case, there being a conflict of testimony, the judgment should not be disturbed. Ragland v. Wisrock, 61 Texas, 391; Reeves v. Roberts, 62 Texas, 550; Jacobs, Bernheim & Co. v. Hawkins, 63 Texas, 1; Robinson v. Davenport, 40 Texas, 333; Ward v. Bledsoe, 32 Texas, 251; McCartney v. Martin, 1 Posey's U. C., 143; Howard v. Ray, 25 Texas, 88; Jordon v. Brophy, 41 Texas, 283; Baldridge v. Scott, 48 Texas, 178; Gilliard v. Chessney, 13 Texas, 337; Bird v. Pace, 26 Texas, 488; Rich v. Ferguson, 45 Texas, 396; Thorn's Heirs v. Frazer's Heirs, 60 Texas, 259.

HOBBY, JUDGE.—Suit by appellants to recover $1000 commissions alleged to be due them by appellee for the sale of lots numbers 1, 2, 3, and 4, in block number 30, in the city of Austin, owned by appellee.

Appellants' case as made by the testimony is that appellee sometime prior to May 10, 1886, entered into a verbal contract with them by the terms of which lots numbers 1, 2, 3, and 4 in said block were placed in appellants' hands for sale without limitation as to the time in which sale was to be made. If appellants sold lot 4 for $5000 they were to be allowed 5 per cent commission. If all of the lots were sold by appellants so as to realize for appellee $20,000 they were to receive as commission all in excess of said $20,000. Appellants found a purchaser about the 10th day of May, 1886, who was able, ready, and willing to pay $21,000 for the property, and to whom they agreed to sell the same for the sum of $21,000. Appellants wrote appellee on the 10th day of May of the sale, which letter was enclosed by them in a letter to the postmaster at Round Mountain, Blanco County, appellee's postoffice, with the request to deliver to appellee. This letter it appears did not reach appellee until about May

22, 1886. In the meantime appellee had sold the property, and refused to make a deed to the purchaser found by appellants.

The material difference as to the contract between the appellants and appellee as shown by the testimony of the latter is that appellee limited appellants to the 1st day of May, 1886, within which to sell the lots. If they sold by that date appellee agreed to allow them all in excess of $20,-000 the lots were sold for. No exclusive right to sell was given the appellants, and appellee reserved the right to himself to sell. He told G. A. Bahn, his son, to sell the property for $25,000 if he could. On the 11th day of May, 1886, J. M. Day began negotiations with Bahn (the son) for the purchase of one of the lots, which resulted in the purchase of the four on May 12, 1886, and for which he paid $22,000.

About May 15, 1886, appellee executed a deed to Day for the property. On May 22 he notified appellants through his son that if he had received the letter informing him of the sale made by appellants for $21,000 by the 15th of May he would have given them the preference. Such is the conflicting evidence in the case.

Appellants base their right to recover the $1000 upon a contract claimed to have been made with them by appellee, a contract by the terms of which they say they were not limited to any specified time within which to effect the sale of the lots. This is controverted by appellee's testimony to the effect that under the contract the sale was to be made on or before the 1st day of May, 1886.

There is no doubt that the authorities are that where an agent employed to sell land complies with the contract of employment, and the owner refuses without sufficient reason to fulfill the agreement the agent has made with the party desiring to purchase, if such party be able, willing, and ready to purchase, the agent has a right to demand compensation, to be regulated either by the terms of the contract or by established usage in such cases if there be no contract. Kirk v. Emmerling, 22 How., 73; Harrell v. Zimpelman, 66 Texas, 292.

In this case, if the evidence of the appellee is be believed, no such contract as that upon which appellants seek a recovery was entered into. This evidence was believed by the court below, and we can not say that it is not sufficient to support the judgment; consequently the well known rule applies that in such a case the judgment will not be disturbed.

We think the judgment should be affirmed.

*Affirmed*

Adopted October 29, 1889.