Louis Gauthier and another *vs.* William West.

January 5, 1891.

Real-Estate Broker—Commission, when Earned—Principal to Make Perfect Title.—Where it has been agreed between the owner of real property which has been placed in the hands of real-estate brokers for sale and said brokers that, in case of a sale, no commissions shall be paid until the sale is consummated by delivery of the deed, there is an implied contract between the parties that the owner has the ability and can confer upon a purchaser a perfect title to the property.

Same—Defect in Title—Commission held Earned.—In such a case, the brokers, having no knowledge of an infirmity of title when they undertake the sale or when they make it, are entitled to their commissions when they produce an able, ready, and willing customer, one who stands ready to complete the purchase and to accept a deed at the time fixed by the contract of sale, but for a defect in the title.

Verdict—Evidence.—The testimony in this case justified the verdict.

Appeal by defendant from an order of the district court for Ramsey county, *Otis*, J., presiding, refusing a new trial after verdict of $971.09 for plaintiffs.

*I. V. D. Heard*, for appellant.

*J. M. Hawthorne* and *Howard L. Smith*, for respondents.

Collins, J.   This was an action to recover the amount of certain commissions upon the sale of real estate, and plaintiffs had a verdict.   In the complaint three distinct causes of action were set forth. As to the first, the plaintiffs claimed that they were to have as commissions such sum as they might be able to sell the premises for, over and above a sum fixed by the defendant as net to him.   In answer to this, the defendant admitted the employment of the plaintiffs, and that they sold the lots, but he alleged that the commission agreed upon for plaintiffs' services was the sum of $100, no part of which was to be paid until the property was transferred to the purchaser by deed, and that this had not been done when the action was commenced, on account of an alleged flaw in the title, to remove which defendant had been compelled to bring an action.   The court

charged the jury upon the testimony that the only question for them to determine as to this cause of action was what commission the plaintiffs were entitled to, whether $100 or the larger sum, the amount for which plaintiffs sold the property over and above the price fixed, as they claimed, by the defendant as net to him. It further charged the jury that, on this cause of action, the plaintiffs were entitled to recover the amount of their commission, whatever sum might have been agreed upon, when they found and produced a customer who would have consummated the purchase and accepted the deed at the time stipulated in the contract of sale, had it not been for the cloud resting upon defendant's title. To this part of the charge the defendant excepted. On the trial it appeared that such a customer was produced, (and to whom a sale was finally made, but after this action was brought,) and there was no testimony tending to show, nor was it claimed by defendant, that plaintiffs had any knowledge of an infirmity of title when they agreed with defendant as to the amount of their commission in case of sale, or when they found and produced the customer; so that, conceding the contract to have been as defendant claims, the plaintiffs, having no knowledge of any defect in the title, were not obliged to wait for the amount due as their compensation until defendant's title was perfected. The default was with him, and not with the plaintiffs, for they had fully performed by producing the ready, willing, and able purchaser. In making their contract, and in producing a customer for the property, they had acted upon the assumption, as they had a right to do, that the defendant could tender a title free from infirmity. Even if it was agreed between the parties that plaintiffs were to wait for their compensation until the sale was fully completed, there was an implied contract that the defendant had the ability and could confer upon the purchaser a perfect title to the property. *Hamlin* v. *Schulte,* 34 Minn. 534, (27 N. W. Rep. 301,) and cases cited; *Peet* v. *Sherwood,* 43 Minn. 447, (45 N. W. Rep. 859,) and cases cited.

The second cause of action was stated as regular commission in the sum of $415, due to plaintiffs on account of a sale of other real property belonging to defendant, which sale was not consum-

mated, because of false representations made by defendant as to the size of the premises, and which they in good faith communicated to the purchaser. The false representations being discovered, the would-be purchaser refused to go further, and thereafter, by reason of the representations, the defendant herein returned to him the amount of money he had paid down when the sale was made. As to this cause of action, defendant admitted the sale by plaintiffs, but claimed that they had no authority to make such a sale without first obtaining his consent, which he averred was not obtained; and that, if a sale had been made to which he assented, the plaintiffs' commission was agreed upon at $300, not to be paid, however, until closed by a delivery of the deed to the purchaser; and, further, that the representations made by plaintiffs to their customer as to the size of the lot were made without defendant's knowledge, consent, or authority. Here was an issue of fact as between these parties for the determination of the jury, and the court so charged, no exception being taken. On this question the jury found for plaintiffs. There was evidence to support such a finding, and we cannot disturb it.

The third cause of action was based on a sale by plaintiffs of another tract of defendant's real estate to one Langevin, for the sum of $12,500. The sale and the services were admitted by the defendant, the sole dispute being over the amount due plaintiffs for their services. They claimed that they were to have a regular commission upon $12,000, and in addition thereto such sum as they might be able to realize over and above the sum last mentioned, while the defendant contended that the compensation was to be the regular commission upon the sum of $12,500, and no more. Here, also, was a question of fact exclusively within the province of a jury to determine. While it is not capable of being exactly demonstrated, it would seem, from the amount of the verdict, that on this question the jury found for defendant. At any rate, we cannot interfere with their determination on the facts.

It ought not to be necessary for us to state the elementary proposition that an offer to compromise a disputed account cannot be given in evidence on the trial of an action between the parties. The letter written by plaintiffs' counsel before bringing this action, addressed

to defendant, was nothing more than an assertion of the demand finally sued upon, and an offer to discount it to avoid litigation. It was clearly inadmissible in evidence. We see no other assignments of error which need special mention.

Order affirmed.