IKE T. PRYOR v. W. H. JOLLY.

No. 561.—Decided May 31, 1897.

**1.  Plea of Privilege—Waiver.**

Where defendant, in due order, filed his plea of privilege to be sued in the county of his residence, followed by exceptions to plaintiff's petition and answer to the merits, and the case, before being called for trial by a jury, was called for the presentation of questions of law, defendant did not, by presenting his demurrers, waive his plea of privilege. (P. 89.)

**2.  Contract Construed—Sale—Commission.**

Defendant agreed with plaintiff, who had found a purchaser for cattle which plaintiff wished to sell, that he would pay plaintiff one dollar per head commission if such purchaser took fifteen hundred head at the rate of $17 per head, cash. The purchaser bought the cattle, paying one-third cash and the balance by note on time, with interest. Held, that by such sale plaintiff did not, by the terms of his contract, acquire a right to the commissions. (P. 90.)

ERROR to the Court of Civil Appeals for the Second District, in an appeal from Wichita County.

*J. H. Cobb*, for appellant.—A defendant's plea of privilege to be sued in the county of his residence, and which is filed in due order of pleading, is not waived when it is presented at the first opportunity given by the trial court; and where such a plea raised a question of fact, it is not waived because the trial court requires all questions of law arising on the pleadings to be heard and determined before the questions of fact are heard and determined.

The suit being upon a contract, between plaintiff and defendant, which required a sale of the cattle for cash at $17 per head, evidence of a contract of sale on different terms was immaterial and irrelevant; and the evidence was also irrelevant and immaterial, because plaintiff had already testified that he was not the procuring cause of this sale. Meachem on Agency, sec. 965; Lyle v. University Land and Inv. Co., 30 S. W. Rep., 723; Pumphrey v. Railway, 37 S. W. Rep., 361.

A broker can only recover commissions for making a sale upon showing a performance on his part of the contract he has made with his principal; and if his contract requires him to procure a purchaser for cash, and that the sale be completed and money paid, he cannot recover by merely showing an agreement to sell for cash, which was never completed. Same authorities.

*S. H. Hodges* and *John J. Ofiel*, for defendant in error.—The contract offered in evidence complained of was for the purpose of showing that the same cattle were sold and at the price and the number mentioned in contract Pryor made with Jolly, and for the purpose of corroborating Jolly's testimony, and was material. Graves v. Bains, 78 Texas, 92; Harrell v. Zimpleman, 66 Texas, 292; Willis v. Whitsitt, 4 S. W. Rep., 253; DeCordova v. Bahn, 12 S. W. Rep., 845; Driscoll

v. Troughton, 34 N. W. Rep., 497; Field v. Field, 77 N. Y., 294; Kock
v. Emmerling, 22 How., 72; Mooney v. Elder, 56 N. Y., 238; Hart v.
Hoffman, 44 How. Pr. (N. S.), 168.

*Ward & James,* also for defendant in error.—Where the price or
terms of sale are fixed by the seller, in accordance with which the broker
undertakes to procure a purchaser, yet if upon procurement of the
broker a purchaser comes with whom the seller negotiates and thereupon
voluntarily reduces the price of the thing to be sold, or the quantity, or
otherwise changes the terms of sale as proposed to the broker, so that
the sale is consummated on terms or conditions offered which the party
proposing to buy is ready and agrees to accept, then, in either such
case, the broker will be entitled to his commissions.   Stuart v. Mather,
32 Wis., 349; Graves v. Bains, 78 Texas, 92.

BROWN, ASSOCIATE JUSTICE.—W. H. Jolly sued the plaintiff in
error in the District Court of Wichita County upon the following con-
tract in writing:   "If E. R. Holden takes 1500 head of F. & T. cattle
at the rate of $17 per head cash, I do hereby agree to pay W. H. Jolly
$1 per head commission less the expense of holding said herd at Quanah.
This 4/16/90.   (Signed) Ike T. Pryor."
    In the due order of pleading Pryor filed his plea of privilege, setting
up that his residence was in the County of Travis and the State of
Texas, that he was not a resident of Wichita County, that his place of
residence was not unknown as alleged in plaintiff's petition, but that it
was known to be in Travis County, in which county the defendant then
had his domicile and residence, with all the allegations necessary in
such a plea of privilege.   At the same time he filed general demurrer,
special exceptions, and an answer to the merits of the case.
    At the first term of the court, on Monday, 4th day of June, 1894, the
cause having been set down for trial during that week, it was called for
the presentation of questions of law, and the defendant appeared and
presented his demurrer to the plaintiff's petition, one of the special ex-
ceptions being sustained.   The demurrer was heard and determined be-
fore the cause was called for trial and before the plea to the jurisdiction
was presented to the court.   The plaintiff filed an exception to the plea
of privilege, on the ground that it came too late after the presentation
of the demurrers, which exception was overruled and the plea to the
jurisdiction of the court was by the trial court sustained and the cause
dismissed, from which judgment an appeal was taken to the Court of
Civil Appeals, which reversed the judgment of the District Court, hold-
ing that the presentation of the demurrers operated as a waiver of the
plea of privilege on the part of the defendant.   Upon a second trial in
the District Court the defendant offered to prove under his plea of priv-
ilege that at the time of the institution of the suit he resided in Travis
County, Texas, and all the facts necessary to sustain the allegations of
the plea, to which testimony the plaintiff objected, for the reason that

the said plea had been by the Court of Civil Appeals decided against the defendant and that such issue could not again be raised, which objection the court sustained and excluded the evidence thus offered, to which action of the court the defendant excepted and filed his bill of exceptions.

Upon trial before a jury verdict and judgment were rendered in favor of plaintiff, Jolly, against the defendant, Pryor, for the sum claimed under the contract herein copied, which judgment was by the Court of Civil Appeals affirmed.

The Court of Civil Appeals did not make a finding of facts in this case, but states what the evidence tends to prove on each side of the issues presented. For the purposes of this opinion we will state the following as the facts established on the part of the plaintiff: That W. H. Jolly undertook to find a purchaser for 1500 head of the cattle mentioned in the contract, at the price and on the terms therein stated, and that he induced one E. R. Holden to agree with him (Jolly) that if the cattle were as represented he would take them at the price named; that in pursuance of this agreement Holden came to Texas, examined and approved the cattle, and agreed to take the number specified at $17 per head cash; that he was amply able to pay cash for them at that price; that appellee introduced Holden to appellant, informing him of what Holden had agreed to do; and thereupon Holden and Pryor entered into a written contract of sale, of date April 16, 1890, by the terms of which Holden agreed to take 1500 cattle and to pay for them as follows: $8500 in New York exchange and balance in a promissory note payable September 1, 1890, with interest at the rate of ten per cent computed and added in the face of the note. It was stipulated in the contract that Holden had the right to cut out and reject as many as 600 head of cattle out of the 2100 head under herd, and that the note to be given was to be secured by chattel mortgage on the cattle, if so desired by Pryor on final delivery and count of said cattle, on or about April 4, 1890, at which time the contract was to be replaced with a bill of sale. The contract further provided that the note was taken on condition that the State National Bank of Denver, Colorado, would guarantee its payment by telegram or letter, in which event no mortgage was to be given. Jolly had nothing to do with the making of this contract.

The trial court instructed the jury as follows: "3rd. If you find and believe from the evidence that the plaintiff procured E. R. Holden to purchase the cattle in controversy, and that the defendant proposed to sell them to said Holden for the sum and price of $17 per head, cash, for fifteen hundred of said cattle, and that said Holden accepted said proposition and was able to comply therewith, and that said cattle were in the possession of the defendant and nothing remained to be done or in any way to prepare them for delivery, then the sale of said cattle to said Holden was complete; and in case you so find, you will find for the plaintiff the sum of $1500, less the expenses of holding the cattle in controversy at Quanah at time of making the contract sued on, with

interest on the difference from the time of sale from defendant to E. R. Holden to the present at the rate of 6 per cent per annum."

.Art. 1268, Rev. Stats., reads as follows: "Pleas shall be filed in ,ne due order of pleading and shall be heard and determined in such order under the direction of the court." Art. 1289, Rev. Stats., contains this provision: "In all cases in which juries have been demanded by either party, all questions of law, demurrers, exceptions to pleading, etc., shall, as far as practicable, be heard and determined by the court before the day designated for the trial of said jury causes, and all jurors shall be summoned to appear on the day of the term so designated."

It will be seen from the provisions in the statute above quoted, that generally pleas are to be disposed of in the order in which they are filed. This, however, is to be done under the direction of the court; and under article 1289 the court is required to dispose of all demurrers and exceptions to the pleadings before the day set for the trial by jury. In this case the plea of privilege contained an issue of fact, and a jury had been demanded so that the defendant had the right to submit every issue of fact to the jury. His plea of privilege might have been tried before submitting the case upon the merits, or it might have been submitted to the jury with the entire case. Tynburg v. Cohen, 67 Texas, 220. To comply with the requirement that the exceptions shall be acted upon before the day set for the trial by jury, the court must have heard the exceptions before the plea of privilege was tried. If the defendant had failed to present his exceptions on the day set by the court for hearing them, it would have been held that he had waived his exceptions; and if it be held that by presenting his exception he waived his plea of privilege, then it is difficult to see how the defendant would be able to protect his rights and secure a hearing upon all of his pleadings, under the ruling of the Court of Civil Appeals. The statute does not prescribe a cast-iron rule upon this subject, but the court may in its discretion, as it did in this case, hear the exceptions before trying the plea in abatement which involves a question of fact, and the party who under such circumstances submits exceptions before he submits a plea in abatement, will not be held to have waived his plea. Trawick v. Martin-Brown Co., 74 Texas, 522. In the case just cited the identical question was presented. A plea in abatement had been filed and at the same time exceptions had also been filed. The court heard the exceptions first and it was claimed that the plea in abatement was thereby waived. This court said: "It is now urged that the court erred in acting on the plea in abatement after action on exceptions to the plea in reconvention. These several pleadings were filed in due order and should have been so disposed of (Sayles' Civ. Stat., art. 1262); but if the court in its discretion heard them out of their order, this would not deprive a party of the right to have a pleading passed upon out of due order, unless it was one in its nature such as the plea acted upon would raise." The Court of Civil Appeals erred in holding that the defendant had waived

his plea of privilege by presenting his exception to the plaintiff's petition.

The proper construction of the contract sued upon is, that Pryor agreed to pay Jolly one dollar per head if E. R. Holden took 1500 head of the cattle named and paid cash for them at the rate of $17 per head. It will be observed that the contract sued upon and that made between Pryor and Holden, which was read in evidence, were made and executed on the same day. Jolly had procured the purchaser E. R. Holden before that time; his name is inserted in the contract, which could not have been done if he had not already come to an agreement with Holden and also informed Pryor of the agreement between them. With the contract between Jolly and Holden complete, Pryor entered into the contract in writing by which he made the payment of the commissions to Jolly depend upon two things: 1st, that Holden should actually take the cattle, not that he should be legally bound to do so. 2nd, that Holden should pay cash for the cattle, not that he should have the ability to do so.

If the agreement between Pryor and Jolly had been that the latter was to receive his commissions when he made a sale of the cattle to any purchaser able and willing to pay cash for them, and having complied with the contract, thereby being entitled to receive the commissions, would he have accepted from Pryor a writing stating the terms of the contract to be that the compensation to be paid was dependent upon something yet to be done in regard to the transaction? We think that he certainly would not have so acted, and that, having accepted the writing and acted upon it at the time, the circumstances surrounding the transaction together with his conduct with reference thereto strongly support the construction that we give to the contract.

The trial court virtually instructed the jury that if the plaintiff Jolly had made a contract with Holden to take the 1500 head of cattle, which contract Pryor could enforce at law, then Jolly had fulfilled his contract and was entitled to recover the commission stipulated. In this the District Court erred, as we have already shown by a statement of our views of the proper construction of the contract.

In making the statement of the facts as found by the court we have made the very best statement in favor of the plaintiff that the facts will sustain, and clearly the plaintiff failed to prove that he had complied with the terms of the contract upon which he sued and was therefore not entitled to recover.

If the evidence had shown that Jolly procured the purchaser Holden, and that Holden was ready and willing to take the 1500 head of cattle, and ready, willing and able to pay the cash for them upon delivery—that is, if he had the money or could procure it—and that Pryor refused to comply with the contract by delivering the cattle and receiving the money, then Jolly might have recovered under his contract with proper pleading. De Cordova v. Bahn, 74 Texas, 643; O'Brien v. Gilleland, 79 Texas, 602. But the undisputed evidence shows that however will-

ing Holden was to take the cattle and to pay for them in cash, he did not have the ability to do so, for it appears from evidence that he made many efforts to secure the money and failed. Jolly was entitled to recover upon showing a compliance with the very terms of his contract, and not otherwise. Mechem, Agency, sec. 965.

The Court of Civil Appeals erred in affirming the judgment of the District Court, for which errors the judgments of the District Court and Court of Civil Appeals are reversed and the cause remanded.

*Reversed and remanded.*