AUKERMAN v. BREMER.　(No. 5978.)

(Court of Civil Appeals of Texas. Austin. Jan. 2, 1919. On Rehearing, Feb. 26, 1919.)

1. APPEAL AND ERROR ⊙⇒846(6)—FAILURE TO MAKE FINDINGS — FILING STATEMENT OF FACTS.

Where statement of facts has been filed containing all the testimony introduced on the trial, court on appeal may determine the issues of the case from such statement, notwithstanding lower court's failure to file findings and conclusions.

2. APPEAL AND ERROR ⊙⇒1075—FAILURE TO FILE FINDINGS AND CONCLUSIONS—WAIVER BY APPELLANT.

Case will not be reversed because of court's failure to file findings and conclusions upon appellant's request, where appellant filed statements of facts containing all the testimony, and in his brief concedes that the testimony is practically undisputed, and expresses the belief that the appellate court can act upon the statement of facts and determine the issues from such statement.

3. BROKERS ⊙⇒82(1) — ACTION FOR COMMISSIONS—SUFFICIENCY OF PETITION.

In a broker's action for commission for procuring a buyer for real estate, petition alleging exclusive right by broker to sell property until certain date, and sale by owner, subsequent to such date, to purchaser procured by broker, but failing to allege that purchaser was procured by broker within the period during which he had exclusive right to sell, failed to state cause of action.

4. BROKERS ⊙⇒56(3)—COMMISSION FOR REAL ESTATE SALE—PROCURING CAUSE.

Where broker was given exclusive contract to sell property until certain date, and during such time tried to make sale with certain buyer, but failed and abandoned efforts, owner was not liable for commission upon sale to such buyer effected after the broker's exclusive contract had expired, broker not having been the procuring cause of the sale.

On Rehearing.

5. BROKERS ⊙⇒86(4) — PROCURING CAUSE — SUFFICIENCY OF EVIDENCE.

In real estate broker's action for commission upon sale to buyer by owner, evidence *held* to support court's conclusion that broker's negotiations and efforts to sell to such buyer were unsuccessful, and that broker had abandoned such efforts.

Appeal from McLennan County Court; Jas. P. Alexander, Judge.

Action by O. L. Aukerman against George Bremer. Judgment for defendant, and plaintiff appeals. Affirmed.

E. C. Street, of Waco, for appellant.
John B. McNamara, of Waco, for appellee.

BRADY, J. Appellant instituted this suit against appellee to recover commissions for

---

making a sale of real estate for appellee. He alleged that on July 12, 1916, appellee listed with him 160 acres of land for sale, with the agreement that appellant should have the exclusive right to sell said land up to the 15th day of November, 1916; that he undertook to find, and did find, a purchaser for said property, one N. C. Boethel, which fact was known to appellee; that shortly after the 15th day of November, 1916, appellee sold said land to Boethel for the price of $7,000. Appellant averred that by reason of having found and procured said Boethel as a purchaser for the land, and by reason of the sale made by appellee to appellant's said customer, appellee became bound to pay appellant the reasonable value of his services, which were alleged to be 5 per cent., the usual and customary commission.

Appellee answered by general demurrer and general denial. The case was tried without a jury, and judgment was rendered for appellee, the defendant below.

The court below was requested by appellant, in writing, to file his findings of fact and conclusions of law within the time required by law, which the trial court, through oversight, failed to do. Appellant preserved a proper bill of exceptions, and presents this as one of his grounds for asking a reversal of this case. However, appellant did not rest upon his legal right to have the trial court file findings of fact and conclusions of law, as provided by statute, but has filed in this court a statement of facts which contains all the testimony introduced on the trial.

[1] In his brief appellant concedes that the evidence in this case is practically undisputed, and expresses the belief that this court can act upon the statement of facts and determine the issues of this case from said statement, in which we concur.

[2] Under these circumstances, we do not think the case should be reversed because of the mere failure of the trial court to file his findings and conclusions. Jacobs v. Nussbaum, 63 Tex. Civ. App. 520, 133 S. W. 484; Sutherland v. Kirkland, 134 S. W. 851.

In the other assignments of error appellant substantially presents the proposition that appellee is bound to pay him a commission for making the sale to Boethel, because the undisputed evidence shows that plaintiff was the procuring cause of the sale of the land by the appellee, and that he is entitled to such commission, notwithstanding the sale was not made until after the time limit had expired within which appellant was employed to sell the land, and he further claims that the said time limit was waived by appellee's having conveyed the property to a purchaser procured by appellant before the expiration of such time limit.

[3] We believe the trial court might well have disposed of this case by sustaining a general demurrer to appellant's petition, because the same, in our opinion, states no cause of action. After averring the listing of the land for sale, appellant alleged that his exclusive right of selling the property was limited to the 15th day of November, 1916. It is true that he alleges that he undertook to find a purchaser, and did in fact find and interest one N. C. Boethel, which fact was known to appellee; but he alleges that the sale by appellee to Boethel was not made until after the time limit had expired, namely, after the 15th day of November. He did not allege any further facts which would show a liability on the part of appellee to him for commissions. There was no allegation that while the contract was in force he found a purchaser, ready, willing, and able to buy the land upon the terms of the owner. The gravamen of his claim seems to be that appellee was liable to him for his commissions merely because he had found and interested Boethel in the land, and because appellee sold the land directly to Boethel after the expiration of appellant's agency.

We do not think these averments sufficient to state a good cause of action; but the court below overruled the general demurrer, and appellee has not cross-assigned error thereon.

Even if appellant's proposition should be abstractly correct, we do not think it is sustained by the facts in this case. There is no controversy that appellee listed the land with appellant for sale, and that he named a price of $8,000, or $50 an acre, for the land. It is also undisputed that the agreement was that he was to pay appellant a commission of $250 if he sold the land for $8,000, or all over $50 an acre for which he might sell the land. It is also admitted that appellant, with the consent of appellee, listed the land at $52.50 per acre. There was a controversy over the time limit fixed in the contract, appellant contending that he was to have until November 15, 1916, in which to sell the land, and appellee insisting that the time limit was October 15, 1916. There was testimony tending to support either contention, but, in the light of all the facts, we deem this point practically immaterial.

A few days after the land was listed with appellant, Mr. Casey, who sometimes worked with appellant, learned of this land being listed, and undertook to interest Dr. Boethel in the same. It is undisputed that he went to see Dr. Boethel, took him over the land, and named the price at which the same was for sale by himself and appellant, namely, $52.50 per acre. On the same day appellee was advised by appellant that he and Mr. Casey were figuring with Dr. Boethel on the land. It is not disputed that Mr. Casey and appellant were unsuccessful in negotiating a sale with Dr. Boethel. Mr. Casey tes-

tified that Dr. Boethel said he would think about the trade, and several days later informed him that he was not interested in the trade. Mr. Casey testified that he did not have any further negotiations with Dr. Boethel in reference to the land, and it is not claimed by appellant that he or Casey did anything further to make the sale.

Appellant testified that in October he heard that Dr. Boethel had practically bought the land from appellee, and that he went to appellee and asked him this question: "Is your deal too near closed with the doctor for you to consider another man's bid for $1,000 more for the farm?" that appellee replied, "I don't know; I didn't put any forfeit in the bank;" that appellee indicated, however, that the deal was practically closed. According to appellant's testimony, nothing further occurred until November 26th, when he saw a notice in a Waco paper of the transfer of the land from appellee to Dr. Boethel.

Dr. Boethel testified that he did not have any conversation with appellant about this land until after he had made his trade with Mr. Bremer. which was about the beginning of December; that the deed was made and delivered to him the first week in December, and it was agreed by the parties that the deed was signed and acknowledged December 4, 1916, and filed for record January 3, 1917. Dr. Boethel further testified that he did have some negotiations with Mr. Casey about the land, and that he went over the trade with him, and looked at the land, but that he told him that he was not interested at the figure of $52.50 per acre. He denied that he ever talked to Mr. Aukerman, the appellant, about the land until after he had bought it from appellee, which was after November 15, 1916.

Dr. Boethel further testified that he first mentioned the matter of buying the land to appellee about September, and that appellee told him the real estate men had the property for sale, and that he had given them a definite time in which to sell the property; that the next time he discussed the matter with appellee must have been a month after the time in which appellant had to dispose of the property.

Appellee testified substantially as did Dr. Boethel, but in addition stated that, when Dr. Boethel first came to see him about the land, he told him it was in appellant's hands, but if appellant did not sell his land within his limit he would sell it to him if he wanted it; that the question of price was not discussed at all at that time, and that he did not renew negotiations with Dr. Boethel until after appellant's time limit had expired; that he did not have any time arranged with Dr. Boethel to renew negotiations, but expected the doctor to come back to see him if interested.

He further testified that, when appellant came to ask him if he had closed the deal with Dr. Boethel, he told him that he had another man who would buy the place for $8,000, and that appellant also told him Dr. Boethel did not want the place.

The above are substantially the material facts in the case, and we do not think they are sufficient to show that appellant was the procuring cause and efficient means of making the sale to appellee, nor do we think they show any waiver on the part of appellee to insist upon the terms of the agreement which limited appellant's agency to November 15, 1916, according to his own. testimony, after which date the sale was made and consummated.

We think the rules of law governing this case are very well stated by Chief Justice Phillips in the case of Goodwin v. Gunter, 185 S. W. 295, as follows:

"It is a general doctrine that, in order for a broker to be entitled to commissions under a contract stipulating for their payment in the event of his sale of given property upon stated terms, a purchaser must have been produced through his efforts, ready, able, and willing to buy the property upon the contract terms; otherwise the contract is not fulfilled upon the broker's part, and the commissions are therefore not earned. But the commissions are earned and the broker is entitled to their payment according to the contract if, while it is in force, he procures a purchaser to whom the owner directly makes a sale upon terms which are satisfactory to himself, though different from those limited to the broker, and yielding the owner a less amount than that for which the broker was empowered to sell."

He further states the rule in the same case as follows:

"A different rule prevails where the broker's effort with a particular buyer has, after fair opportunity and without any fault of the owner, come to naught, resulting in the failure and termination of his negotiation; and, later, the owner, by direct and independent negotiation, effects a sale to the same buyer, though upon the same terms originally authorized to the broker. Under such circumstances the broker cannot be justly considered the procuring cause of the owner's sale, and the latter incurs no liability to him on that account."

[4] Applying these rules to the facts of this case, we think the trial court was justified by the evidence in rendering judgment for appellee. There was evidence to support the conclusion that appellant did not, while the contract was in force, procure a purchaser for the property. Indeed, under practically the undisputed evidence, his efforts to sell the land to Dr. Boethel, who afterwards purchased from appellee, were unsuccessful. There is no issue made by the pleadings that there was any collusion between Dr. Boethel and appellee for a sale of the land while the contract was in force with appellant and to evade the payment of commissions to appellant.

The uncontroverted evidence also shows that appellee refused to negotiate with Dr. Boethel while the land was in the hands of appellant for sale. There was ample evidence to support the theory that appellant was not the procuring cause of the sale by appellee, and that the latter incurred no liability to appellant on that account, and therefore sufficient evidence to support the judgment of the court below. Furthermore, the practically undisputed evidence shows that the sale by appellee was not made until after the expiration of the time limit, fixed by the agreement, in which appellant was required to sell the land in order to earn his commissions. There were no facts alleged or proven to show either an extension or a waiver by appellee of the time limit, and upon this ground also the judgment below finds support in the evidence.

We do not believe any of the authorities cited by appellant in his brief are in point in this case, and we cite the following cases in support of our holding: Pryor v. Jolly, 91 Tex. 86, 40 S. W. 959; Goodwin v. Gunter, 185 S. W. 295; Neal v. Lehman, 11 Tex. Civ. App. 461, 34 S. W. 153; Hardesty v. Cavin, 149 S. W. 367; English v. William George Realty Co., 55 Tex. Civ. App. 137, 117 S. W. 996; Newton v. Conness, 106 S. W. 892; Duval v. Moody, 24 Tex. Civ. App. 627, 60 S. W. 269.

Finding no reversible error in the record, the judgment is affirmed.

Affirmed.

## On Rehearing.

Appellant has filed a motion for rehearing challenging the correctness of our opinion in this case, and, in addition to the grounds theretofore presented in his brief, makes the following proposition of law under his first assignment of error:

"Where one makes a sale of property to a purchaser found by his agent, he is bound to pay a commission, even though the sale may have been concluded after the termination of an exclusive agency."

Several authorities are cited under this proposition, including the leading case of Hancock v. Stacy, 103 Tex. 219, 125 S. W. 884.

Conceding that this proposition is a correct statement of the law, and that the authorities cited support it, we do not think it is applicable to the facts of this case, as fully pointed out in our original opinion. The facts and the findings in Hancock v. Stacy, and other cases along that line, are so radically different from the facts disclosed by the record in the instant case that we think it is apparent none of them are in point.

In our original opinion we cited the case of Goodwin v. Gunter, 185 S. W. 295, mainly for the purpose of adopting the rules of law therein announced as applicable to this case. Our attention has been directed to the fact that in a later opinion in the same case, reported in 195 S. W. 848, the Supreme Court set aside the former judgment of affirmance, and remanded the case to the district court for further trial. However, in the later opinion the Supreme Court did not renounce, or even qualify, the rules of law announced in the former opinion. In our opinion we quoted from that case the following:

"A different rule prevails where the broker's effort with a particular buyer has, after fair opportunity, and without any fault of the owner, come to naught, resulting in the failure and termination of his negotiation; and, later, the owner, by direct and independent negotiation, effects a sale to the same buyer, though upon the same terms originally authorized to the broker. Under such circumstances the broker cannot be justly considered the procuring cause of the owner's sale, and the latter incurs no liability to him on that account."

We applied this rule to the facts of the present case, and concluded that there was evidence in the record justifying the trial court in rendering judgment for appellee, under the theory embodied in the doctrine just stated. We do not think it necessary to again review the evidence, but adhere to our view that it was ample to sustain the theory that appellant was not the procuring cause of the sale by appellee.

[5] There is evidence in the record strongly supporting the conclusion that appellant did not procure Dr. Boethel as a purchaser for the property while the contract was in force, but, on the contrary, that his negotiations and efforts were unsuccessful, and that prior to the termination of his agency he had virtually abandoned all efforts to sell the land to Dr. Boethel, and had approached appellee with a proposition to sell to another purchaser. This latter fact is shown by the appellant's own testimony; and it is disclosed by the record, without dispute, that appellee refused to negotiate with Dr. Boethel for a sale of the land while the contract with appellant was in force.

Being of the opinion that we correctly decided the case in our original opinion, the motion for rehearing is overruled.