## WILCOXSON v. SUDDETH. (No. 1781.)

(Court of Civil Appeals of Texas. Amarillo. March 23, 1921.)

1. **Brokers ⊙⟹49(1)—Payment of compensation to broker held to depend on performance of particular service mentioned in contract.**

   Under a contract whereby a broker agreed to get a contract with a third person to drill an oil well 700 feet, etc., *held*, that payment of compensation was expressly or by necessary implication made to depend on performing the service mentioned; that is, securing a particular kind of contract.

2. **Brokers ⊙⟹57(2)—Sale by owner on more liberal terms to buyer produced by broker does not entitle broker to commission where his efforts had come to naught.**

   If a sale is made by the owner on more liberal terms to a buyer produced by the broker, the broker is not entitled to recover where the sale was not made by the owner until the broker's efforts, after fair opportunity and without fault of the owner, had come to naught.

Appeal from Wichita County Court; Guy Rogers, Judge.

Suit by Ed. M. Suddeth against Clark Wilcoxson. From judgment for plaintiff, defendant appeals. Reversed and remanded.

Engelking & Dotson, of Electra, for appellant.

Robt. A. Lyle, of Wichita Falls, for appellee.

BOYCE, J. Appellee, Suddeth, sued appellant, Wilcoxson, to recover on a contract, under which defendant had agreed to pay him for procuring a contract for defendant to drill an oil well, as hereinafter stated. A trial was had before the court without a jury, and judgment rendered for the plaintiff. ·

Suddeth was "engaged in the brokerage business" in Wichita Falls, Tex. An agent of R. J. McClain requested Suddeth "to line up some drillers to drill a well for McClain's Company." Suddeth called on Wilcoxson, and after some negotiations made a contract with him, which Suddeth states as follows:

"I agreed to get Wilcoxson a turnkey drilling contract with McClain to drill the well 700 feet, and Wilcoxson to furnish everything and pay Clark Wilcoxson, when it was finished, $8,000, and Clark Wilcoxson was to pay me for procuring him the contract a commission of $500."

The evidence offered to support recovery on this contract was to the effect that Suddeth caused Wilcoxson to be introduced to McClain. Suddeth and McClain visited the lease together but made no trade. McClain was unwilling to enter into such contract. The negotiations were broken off, and McClain left. Some time afterwards he returned to Electra and approached Suddeth in reference to drilling a well, and a contract was finally made by which Suddeth agreed to drill a well for McClain's company to a depth of 800 feet at $10 per foot, and was to receive therefor $7,000 in cash and $1,000 in stock in McClain's company.

[1] Under the terms of the contract we think the payment of the compensation was expressly or by necessary implication made to depend upon Suddeth's performing the very service mentioned therein; that is, securing a particular kind of contract. And since the evidence fails to show either that Suddeth procured the contract which he agreed to procure in order to entitle him to the payment of $500 or that his failure to do so resulted from any fault of the defendant, he is not entitled to recover on the contract. Pryor v. Jolly, 91 Tex. 86, 40 S. W. 961; R. C. L. vol. 4, p. 322, and authorities cited under note 5; C. J. vol. 9, pp. 601, 602, note 57. The trial court found:

· That "the said Clark Wilcoxson agreed to pay the said Ed M. Suddeth the sum of $500 if the said Suddeth would procure for Wilcoxson a suitable drilling contract under terms accept-

able to the said Wilcoxson; that, before the said Suddeth would introduce the said Wilcoxson to parties desiring a shallow well drilled, the said Wilcoxson promised the said Suddeth that he would take care of the said Suddeth in said commission in any contract which the said Wilcoxson might enter into with parties to whom Suddeth might introduce him."

The evidence does not sustain this finding.

[2] The case does not even come within the rule of liability of the owner for commission under the ordinary contract of enlistment for. sale, where a sale is made by the owner on more liberal terms to a buyer produced by the broker. Even in such case, where the broker's efforts, "after fair opportunity and without any fault of the owner, come to naught, resulting in the failure and termination of his negotiation, and later the owner by direct and independent negotiation effects a sale to the same buyer," the broker is not entitled to recover; for "under such circumstances the broker cannot be justly considered the procuring cause of the owner's sale, and the latter incurs no liability to him on that account." Goodwin v. Gunter, 109 Tex. 61, 185 S. W. 297, par. 3.

The proceedings in reference to the filing of findings of fact and conclusions of law by the trial court and made the basis of one assignment will not likely occur on another trial, and we need not pass on this assignment. We think the assignments presenting other questions than those discussed should be overruled.

Reversed and remanded.