**VICKREY v. LEFMANN.   (No. 8661.)**

(Court of Civil Appeals of Texas. Galveston. March 19, 1925.)

**1. Brokers �köm82(1)—Complaint for commission for sale which failed of consummation because of owner's failure to show title in a reasonable time held good.**

Broker's complaint for commissions, where contract of sale failed of consummation because

of owner's failure to show good title in a reasonable time, held to state good cause of action.

**2. Brokers �köm49(3)—Condition to purchaser's offer, as to good title, held to create no discrepancy between offer and proposal to sell.**

Relative to broker's right to commissions on sale failing of consummation because of owner's failure to show good title in a reasonable time, condition to customer's offer, that there be a good merchantable title, being just what owner had agreed with broker to furnish, created no discrepancy between proposal to sell and offer to buy.

**3. Brokers �köm61(1)—Right to commission on failure to furnish good title unaffected by authority being to sell to a particular person.**

Broker's right to commission, on sale failing of consummation through owner's failing to show good title in a reasonable time, is unaffected by the authority being to sell to a particular person.

**4. Brokers �köm61(1)—Listing of land held to carry implied representation of good merchantable title.**

Listing of property with broker for sale, without specific representations as to title, would carry with it an implied representation that the owner had a good merchantable title.

Error from District Court, Harris County; Chas. E. Ashe, Judge.

Action by L. S. Vickrey against Vina L. Lefmann. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

James G. Donovan and A. E. Dawes, both of Houston, for plaintiff in error.

Harry Holmes and W. J. Armstrong, both of Houston, for defendant in error.

GRAVES, J. The trial court sustained a general demurrer to this petition:

"I. That on and prior to the 23d day of September, A. D. 1919, plaintiff was a real estate broker engaged in the business of procuring purchasers and in making sales of land for others. That on said day defendant represented to plaintiff that she was the owner in fee simple and impliedly represented that she had a good merchantable title to the following described land situated in Harris county, Tex., to wit:

"All of lot No. 4, on Taylor's bayou, in the Ritson Morris survey, between said bayou and G. A. & S. A. Railway, containing 165 acres.

"That defendant being desirous of selling said land made and entered into an agreement with the plaintiff evidenced by memorandum in writing dated September 23, 1919, and signed by defendant Mrs. Vina Lefmann, wherein and whereby defendant placed and listed the same for sale with the plaintiff at the price and upon the following terms and conditions, to wit:

"Defendant authorized plaintiff to sell said land for $60 per acre cash, aggregating $9,900, reserving no mineral rights, and agreed that in the event plaintiff sold said land to E. A. Peden for $60 per acre cash, defendant

should receive $9,250 cash net to her, and that from the said $9,250, defendant agreed to pay off the then existing mortgage on said land and to pay the taxes thereon to January 1, 1920, and also agreed to release without cost to this plaintiff the lien on two lots, Nos. 99 and 100, in the Ruggles subdivision in Harris county, Tex., said two lots had been and were mortgaged to A. G. Ruggles, said lien containing a release clause providing for a release of any one lot in said subdivision upon the payment of $50; and agreed to pay plaintiff a commission for his services the excess of the selling price over and above the said $9,250.

"That in pursuance of said listing, said agreement, and said representation, this plaintiff did on or about the 25th day of September, 1919, procure said E. A. Peden of Harris county, Tex., who was ready, willing, and able to buy said land at $60 per acre, or a total consideration of $9,900, cash, providing defendant Mrs. Vina Lefmann had a satisfactory title, that is, a good merchantable title in said defendant.

"That on or about the said 25th day of September, 1919, said E. A. Peden in a letter dated at Houston, Tex., addressed to plaintiff and signed by him (E. A. Peden), offered to pay $60 per acre cash for the above 165-acre tract on the above set out terms and conditions, and that on or about the said last date plaintiff notified defendant that E. A. Peden had made the said offer to buy said land for $60, per acre cash provided that defendant Mrs. Vina Lefmann had a satisfactory title, and provided the said defendant would pay all taxes up to January 1, 1920, and would furnish a complete abstract of title to said land and premises, the same to show a satisfactory title, that is, a good merchantable title, in defendant.

"That then and there the defendant accepted said plaintiff's offer and did soon thereafter furnish said E. A. Peden a complete abstract to said land whereby defendant and said E. A. Peden entered into a legal and binding contract for the sale of said land upon the terms and stipulations aforesaid agreed to by and between plaintiff and defendant, save and except the said agreement to furnish the said abstract of title, showing satisfactory title to said land in defendant; whereby defendant agreed to convey a good marketable title in and to said land to said E. A. Peden upon the above terms and stipulations; and said E. A. Peden agreed to buy the same for $60 cash per acre, conditioned that defendant had a satisfactory and marketable title, and paid taxes thereon to January 1, 1920.

"Wherefore, the sale of said land was consummated for all purposes and intentions, that said E. A. Peden employed Mr. Champ Ross of the law firm of Ross & Wood to examine said title, the said Ross made an honest examination of said abstract and found that there was an outstanding undivided one-sixth interest in the name of Mary J. Dobie and reported the same to said E. A. Peden, that said title was not satisfactory to him (E. A. Peden), and was not a marketable title; that defendant cured said defect and some other minor defects in the said title on or about —— day of March, 1921, and requested said E. A. Peden to comply with his said agreements; that said E. A. Peden refused to do so because defendant delayed in

perfecting said title; that by reason of the foregoing defendant became bound and obligated to plaintiff and promised to pay plaintiff the sum of $750.

"That though often requested, defendant has neglected, failed, and refused, and still refuses, to pay plaintiff same or any part thereof to plaintiff's damage in the sum of $750.

"II. Pleading in the alternative to paragraph No. 1, plaintiff represents that in the event he is mistaken and the defendant did not expressly promise to pay plaintiff said amount as above set out for said services by virtue of the foregoing promises, plaintiff represents that defendant impliedly promised to pay plaintiff a reasonable compensation for said services, and that the said excess of $650, and the said $100 required to obtain, aggregating $750, is a reasonable compensation, premises considered, for said services, and that a commission of 5 per cent. of the selling price is a reasonable and customary compensation for said services, wherefore defendant became bound and obligated to plaintiff, and promised to pay plaintiff the sum of $750.

"That though often requested, defendant has neglected, failed, and refused, and still refuses, to pay plaintiff same or any part thereof, to plaintiff's damage in the sum of $750.

"III. Plaintiff further represents that in the event he is mistaken in paragraph 1, and is not entitled to recover on his debt as therein set out, and is also mistaken and is not entitled to recover on his debt as herein set out in paragraph No. 2, on quantum meruit, then in that event plaintiff relied upon defendant's aforesaid representation that she had a good marketable title in and to said land, and that said representation was false and untrue, that plaintiff in good faith performed the above services, and that defendant's inability, neglect, and failure to convey a good marketable title as above set out in a reasonable time caused said E. A. Peden to refuse to comply with the aforesaid agreements, to the plaintiff's damage in the sum of $750.

"That though often requested, defendant has neglected, failed, and refused and still refuses to pay to plaintiff some or any part thereof in the sum of $750.

"Wherefore, premises considered, plaintiff prays the court that defendant be cited to appear and answer this petition, that he have judgment for his debt, $750, or praying in the alternative in the event the court is of the opinion that he ought not to recover on his debt, then in that event plaintiff prays that he have judgment for his damage in the sum of $750, and interest, costs of suit, and for such other and further relief special and general, in law and in equity, that he may be justly entitled to, etc."

[1] We think the action was error. The boiled-down effect of the pleading is to aver that defendant in error, representing to plaintiff in error—expressly that she was the owner in fee simple and impliedly that she had a good merchantable title to the land—by written contract authorized him as a real estate broker, engaged in the business of procuring purchasers and making sales of land for others, to sell the 165 acres to E. A.

Peden for $60 per acre cash, she to retain $9,250 net of the $9,900 thereby to be realized, and he to have the excess as a commission for his services; that he procured Mr. Peden, who was so ready, able, and willing, and induced him to agree to and to in writing make the 'offer to buy at the price and terms thus named by her, provided she had a good merchantable title to the property; and that she failed to show such a title within a reasonable time, for which reason alone the sale was not consummated.

In our opinion, this declaration stated a good cause of action.

[2] The one condition appended to Mr. Peden's offer, that there be a good merchantable title, was just what defendant in error was alleged to have agreed to furnish, and therefore created no discrepancy whatever between her proposal to sell and his offer to buy.

It is accordingly no answer to the case thus declared upon to say, as the defendant in error in effect does, that the contract was a special one under which the broker was in no event to get anything, unless the sale was actually consummated. The cases she relies upon, of which Land Co. v. Lyles (Tex. Civ. App.) 30 S. W. 723, and Pryor v. Jolly, 91 Tex. 86, 40 S. W. 959, are typical, are unlike this one. In the first of these, the plaintiff declared upon a contract whereby he was to be paid $1,500 commissions to merely furnish a purchaser for the land, which he failed to' establish, the contract in proof showing that he was to receive his commissions on condition that the sale of the land was actually made to Colcord, and that was never done.

In the other one; the contract was that Pryor was to pay Jolly $1 per head if Holden took 1,500 head of the cattle named, and paid cash for them at the rate of $17 per head. Jolly failed to prove that any such contract was consummated, Holden not having the ability to pay cash, making many efforts to secure the money, but not succeeding. The court held:

"Jolly was entitled to recover upon showing a compliance with the very terms of his contract, and not otherwise. Mechem, Ag. § 965."

In making this ruling, however, it further declared what we conceive to be the rule, when applied to facts such as were alleged in the case at bar, as follows:

"If the evidence had shown that Jolly procured the purchaser, Holden, and that Holden was ready and willing to take the 1,500 head of cattle, and ready, willing, and able to pay the cash for them upon delivery (that is, if he had the money, or could procure it), and that Pryor refused to comply with the contract by delivering the cattle and receiving the money; then Jolly might have recovered under his contract, with proper pleading. De Cordova v. Bahn, 74 Tex. 643, 12 S. W. 845; O'Brien v. Gilleland, 79 Tex. 602, 15 S. W. 681."

The same principle is thus stated by the Court of Civil Appeals for the Eighth District in Hamberger et al. v. Thomas (Tex. Civ. App.) 118 S. W. at page 774:

"It is also settled that where the owner of the land holds himself out as having a good title, and the broker procures a purchaser of the land, and brings the seller and purchaser together, and a definite and binding contract is entered into between them to consummate the sale upon the terms and price agreed to by the seller, if the title is good, the broker is entitled to his commissions, although no sale be effected because of a defect in the title. Brackenridge v. Claridge, 91 Tex. 527, 44 S. W. 819, 43 L. R. A. 593; Albritton v. First Nat. Bank, 38 Tex. Civ. App. 614, 86 S. W. 646; Berg v. Street Ry., 17 Tex. Civ. App. 291, 42 S. W. 647, 43 S. W. 929; Stringfellow v. Powers, 4 Tex. Civ. App. 199, 23 S. W. 313; Parker v. Walker, 86 Tenn. 566, 8 S. W. 391."

This decision was affirmed by the Supreme Court in Hamburger v. Thomas, 103 Tex. 280, 126 S. W. 345.

[3] As between the owner and the broker in such an instance—the mere detail that the undertaking is to sell to a particular person in no wise changing the relation between the contracting parties—the actual consummation of the sale, instead of standing as an indispensable prerequisite to the right of the latter to claim his commission, will in law be regarded for that purpose as having been effected.

[4] Even if there had not been the specific representations as to title here alleged to have been made, the listing of the land with the broker for sale under the circumstances would have carried' with it an implied representation that the owner had a good merchantable title. Conkling v. Krakauer, 70 Tex. 735, 11 S. W. 117; Gauthier v. West, 45 Minn. 192, 47 N. W. 656.

Further discussion is deemed unnecessary. From what has been said, it follows that the judgment should be reversed and the cause remanded. That order will be entered.

Reversed and remanded.